JANE D. HOUSTON *vs.* JOHN M. POTTS.

The plaintiff, a resident of this State, holding a note as guardian, against a person living in South Carolina, went to the house of her debtor in 1861, to collect the money, but whilst there was induced by this debtor to take a new note, upon which he promised that the defendant, his brother, who resided in North Carolina, would become surety; and it was also agreed that South Carolina interest (7 per cent.) should be paid. Afterwards, in pursuance of this agreement, the debtor executed a note in the ordinary form, without express stipulation for interest, and the defendant also executed it as surety, in this State; upon its being presented by the debtor to the plaintiff, in this State, she reminded him of his agreement as to interest, whereupon, in order to give effect to that, he prefixed to the note, "Pleasant Valley, S. C:" Suit having been brought against the surety, he pleaded *Usury* :

*Held*, that as the contract had been made in South Carolina, the stipulation for *seven* per cent. interest was not unlawful.

*Also*, that the prefixing of the words "Pleasant Valley, S. C.," did not materially alter the note.

(*Arrington v. Gee*, 5 Ire. 590, cited and approved).

DEBT upon a bond, tried before *Logan, J.*, at the January Special Term 1870, of MECKLENBURG Court.

The defendant pleaded, General issue, Usury, and That the agreement between the principal in the bond and the plaintiff was a fraud upon himself as surety.

Plaintiff introduced the bond as follows :

$900.                    PLEASANT VALLEY, S. C.

One day after date we or either of us promise to pay to

Jane D. Houston or order, nine hundred dollars, for value received, as witness our hands and seals.

R. C. POTTS.        [SEAL.]
JOHN M. POTTS.        [SEAL.]

The execution of the same by John M. Potts was also proved.

Jane D. Houston, the plaintiff, testified that she was the guardian of her two infant children, Abner and Mary J. Houston; and in that capacity held a note on R. C. Potts, the principal in the present bond; that she resided in Union county, near the South Carolina line, and said R. C. Potts resided between two or three miles from her, in Lancaster district, S. C.; that shortly before the present bond was given, she went to the house of said R. C. Potts, and requested payment of the note. He replied that if he could make collections he would come over and settle in a few days; but if he could not, he would give her a new note, with his brother, the present defendant, as surety. To this plaintiff assented, upon the agreement between them, that said R. C. Potts would secure to her South Carolina interest. In a few days thereafter, R. C. Potts brought to her, at her house in Union county, the note in suit, except that the words, "Pleasant Valley, S. C.," were not upon it; that when the note was presented to her, she stated that it was all right, except she was to have South Carolina interest, and that should be specified in the note. R. C. Potts said it was not too late yet to make it so, and took up the pen and wrote at the top of the note, and as a part of it, the heading, "Pleasant Valley, S. C." She thereupon took the bond, and gave a credit on the guardian note for $900—it being agreed that the small balance should be settled by an account due from plaintiff to said R. C. Potts.

The defendant introduced the Statute of South Carolina, fixing the rate of interest in that State at seven per cent.

R. C. Potts, the principal in the bond, testified that plain-

tiff called upon him for a settlement of the note due to her as guardian, but whether it was at his house or hers, he did not now recollect; that he promised to pay if he could make collections to do so; but if not, as his father was dead, he would give her a new note, with his brother John as surety. To which plaintiff replied, "But Robert, if I do that you must allow me South Carolina interest." To which witness agreed; that witness, a few days after, came up to Mecklenburg county, N. C., where the defendant, John M. Potts, then resided, and still resides, and got his signature to the bond as it was then drawn, without the heading, "Pleasant Valley, S. C.;" that he did not mention anything to him about the 7 per cent. interest, or in any way allude to it; that he took the bond thus signed by himself and defendant, to plaintiff, who, upon looking at it, remarked, "Robert you promised me South Carolina interest," and thereupon witness wrote the caption upon the note, to effectuate that purpose. Witness further testified that he had no authority from the defendant to add the heading to the bond, nor did he communicate to him that he had so added it, until a short time before this suit was instituted; witness could not recollect whether he wrote the body of the present bond, or signed it, in South or North Carolina, and it did not enter his mind, nor did he suppose it entered the mind of the plaintiff, to evade the usury laws.

John M. Potts, the defendant, testified that his brother brought the note to him, in Mecklenburg county, N. C., where he resided, and that he signed it; that he cannot state from his own recollection, that the words "Pleasant Valley, S. C.," were or were not upon it at the time; but that he had no idea he was signing a 7 per cent. note; that he was a magistrate at the time, and does not believe he would have signed it, especially as his brother as well as himself, at that time, were men of large means, and the money could have been borrowed without difficulty, in this county at six per cent.; he would not have hesitated to sign a bond much

larger than this for his brother at that time.    He also testi-
fied that he had no idea that any alterations or addition
had been made upon the bond, until shortly before this suit
was brought, and his brother, R. C. Potts, then told him
about it.

In obedience to an intimation from the Court, the plaintiff
submitted to a non-suit, and appealed.

*Wilson and Dowd* for the appellant.
*R. Barringer, contra.*

Where a bill is accepted generally, and the *drawer*, with-
out the consent of acceptor, adds words making it payable,
at a *particular place*, this is a *material* alteration and dis-
charges acceptor.   *Cowie* v. *Halsall*, 3 Eng. Com. Law. 584,
3 Starkie 36, 4 B. & Ald. 197.   Adding rate of interest in
the margin, is a material alteration, and avoids note.   *War-
rington* v. *Early*, 75 Eng. C. L. 763, 2 E. & B. 763.   Smith's
Leading Cases, 1 vol. 489 *Master* v. *Miller*, and notes.
The present case is directly the reverse of the case *Arring-
ton* v. *Gee*, 5 Ire. 591, and the principle in that case, makes
the present contract usurious.   The money had previously
been borrowed in this State, and the contract between the
parties, was only for a renewal of the security, and to sub-
stitute a new note in the place of the old one.   Also see
Broom's Comment, 376.

SETTLE, J.   The plaintiff, Jane D. Houston,  went to the
house of the principal, R. C. Potts, who resided in the
State of South Carolina, for the purpose of collecting money
then due from him to her wards.   The said principal being
unprepared to pay the money at that time, proposed to ex-
ecute his bond to the plaintiff, with his brother J. M. Potts,
who resided in North Carolina, as surety.   To this the
plaintiff assented, upon the agreement between them that
the said R. C. Potts would secure to her South Carolina

interest, to-wit, : 7 per cent., which was the legal rate of interest in that State. In pursuance of this agreement, R. C. Potts came to Mecklenburg county, North Carolina, and obtained the signature of his brother to the bond in question, and offered it to the plaintiff, who reminded him that she was to have "South Carolina interest;" thereupon R. C. Potts wrote the words "Pleasant Valley, So. Ca.," at the head of the note, in order to carry out the contract made several days before in South Carolina.

The principal, R. C. Potts, testifies that "it did not enter his mind, nor did he he suppose that it entered the mind of the plaintiff, to evade the usury laws." Indeed *he* does not pretend that there was anything in the contract, or conduct of the plaintiff, to warrant the suggestion of fraud. It is evident, from his own testimony, that the other defendant J. M. Potts, signed the bond as surety for his brother, without regard to the defence which he now attempts to set up, for he cannot state whether the words "Pleasant Valley, So. Ca." were or were not upon the bond at the time he signed it. He states that he and his brother were both men of large means, and that he would not have hesitated to sign a much larger bond for his brother at that time, &c., but that he had no idea he was signing a seven per cent. note, because he was a magistrate and also a man of means, and could have borrowed money at six per cent. in Mecklenburg.

This reference is made to the testimony of this defendant in order to show its unsatisfactory character, for taking all that he says to be true, it amounts to no defence in this action. He signed as surety for his brother who resided in South Carolina, and it mattered but little with him whether the bond bore 6 or 7 per cent., for he did not expect to pay either amount, as his brother was a man of "large means at that time." But the evidence shows this contract, to which he became surety, to have been made in South Carolina, and in the absence of any stipulations to the contrary, it

must be governed by the *lex loci contractus*, in respect to interest and its other incidents. The addition of the words "Pleasant Valley, So. Ca." in this instance did not vary the terms of the contract. They amount to nothing more than was already implied by law.

Take it that this contract, which had been made before in South Carolina with the express understanding that it was to be governed by the laws of that State, had never been reduced to writing until the day on which it was delivered to the plaintiff in North Carolina, still that circumstance would not change the law, or defeat the recovery in this case. So far then as R. C. Potts is concerned, he is clearly bound for South Carolina interest, and when J. M. Potts became his surety in North Carolina, it did not alter the locality of the contract with regard to interest.

The defendant contends that this case is to be distinguished from *Arrington* v. *Gee*, 5 Ire. 590, as here the money had been previously borrowed in this State, and the contract between the parties was only for a renewal of the security. But it must be borne in mind that the plaintiff went to the domicil of the principal, R. C. Potts, not to renew a debt, but to collect money then due her wards, and while in another State, was induced by that person to enter into a new contract, in which it was stipulated that it was to be governed in respect to interest by the laws of his domicil, thus making assurance doubly sure, by expressly contracting to do what the law already implied.

We consider the case of *Arrington* v. *Gee, supra*, directly in point, and as the learning on this subject is there collected, we deem it unnecessary to do more than refer to that case, and the authorities upon which it is based.

In this view of the case we have not thought it proper to decide a very interesting question which was pressed upon the argument, to-wit: the effect of our recent statute repealing the usury laws.

His Honor having intimated that he should instruct the

jury upon the facts proved (and there appears to be no dispute about the facts which control this action) that the plaintiff could not recover, she submitted to a non-suit and appealed to this court.

We are of opinion that there is error in the ruling of his Honor. Let this be certified, &c.

PER CURIAM.                              Error.