JANE D. HOUSTON to the use of J. W. WORDSWORTH *v.* JOHN M. POTTS.

In an action of debt upon a bond for a certain sum of money, to which the defendant has plead the general issue, usury and fraud, if the jury render a verdict, which is received by the clerk in the absence of the Court, that they find all the issues in favor of the plaintiff, and assess his damages at (the sum mentioned in the bond) principal money without interest, the only redress which the judge can give the plaintiff, is to set aside the verdict and grant a new trial. He cannot render a judgment upon such verdict for the principal of the bond and the lawful interest thereon.

If a jury persist, in the presence of the Court, in rendering an irregular and improper verdict, the judge may set it aside and fine the jury for contumacy.

This was an action of debt under the former system upon a bond in the following words:

"PLEASANT VALLEY, S. C.

$900.    One day after date, we or either of us promise to pay Jane D. Houston or order nine hundred dollars for value received.    As witness our hands and seals.

R. C. POTTS, [SEAL.]
J. M. POTTS, [SEAL."]

The defendants plead general issue, usury and fraud.

On the trial at the Fall Term, 1870, of the Superior Court for MECKLENBURG County before his Honor Judge *Logan,* J. M. Potts, R. C. Potts and Jane D. Houston testified as upon the trial of the same cause, which is reported in 64 N. C. Rep. 33. The jury returned the following verdict which was received by the clerk in the absence of the Judge: "Find all issues in favor of the plaintiff and assess his damages at $900, principal money without interest." The plaintiff's counsel moved that as all the issues had been found in favor of the plaintiff, the Court direct judgment to be entered accordingly for the principal and interest of the bond sued on, which motion was refused. The counsel for plaintiff

then moved the Court to set aside the verdict as insensible and not responsive to the issues and to grant a new trial, which motion being likewise refused, and a judgment entered upon the verdict for the principal money without interest, the plaintiff appealed.

*Vance & Dowd* and *J. H. Wilson,* for the plaintiff.
*Guion* and *R. Barringer,* for the defendant.

PEARSON, C. J. The usury act, Rev. Code, ch. 114, provides, no person shall take more than six per cent. by way of interest.

The Court act, Rev. Code, ch. 31, sec. 90 and 91, provides, all sums of money due by contract shall bear interest, &c., and when a jury shall render a verdict, they shall distinguish the principal from the interest, and the principal sum shall bear interest until paid. When a judgment is taken by default according to specialty or note filed the clerk shall ascertain the interest due by law, &c.

By force of these statutes, it has been acted upon as law, by the judges, the members of the bar and the people—that six per cent. is the regular rate of interest, in the absence of any stipulation, for a lower rate. So, we hold the law to be, that upon a money contract in this State, the plaintiff is entitled to have six per cent. by way of interest, to be ascertained either by the jury or by the clerk, as a mere matter of calculation.

It is very usual, except in capital cases, for the Judge to direct the clerk to take the verdict, in his absence from the bench.

This, however is, upon the supposition, that the verdict is rendered in the usual form.

Whenever a jury seeks to depart from it, the clerk is expected to refuse to accept such a verdict, and to inform his Honor, that his presence in Court is called for.

Houston to the use of Wordsworth v. Potts.

Had the clerk pursued this course in our case, the complication growing out of the very singular verdict in this case, would have been avoided, for it would have been the duty of his Honor, to tell the jury that they had no right to attempt to force the plaintiff into a compromise; and it was their duty after finding all of the issues in favor of the plaintiff to assess damage by way of interest at the rate of seven per cent. provided they were satisfied by the evidence that the contract was made in the State of South Carolina, and that the legal rate of interest in that State was seven per cent., otherwise it was their duty to assess damages by way of interest at the rate of six per cent., the rate of interest in North Carolina.

If the jury had persisted in rendering a different verdict, it would have become his duty, to set aside the verdict and fine the jury for contumacy.

As his Honor was not present when the verdict was rendered, so as to have an opportunity to prevent the irregularity—the only course open for him, was to set the verdict aside, and order a new trial, and this not as a matter of discretion on his part, but as a matter of right, on the part of the plaintiff.

There is error, in refusing to allow the motion to set aside the verdict.

This will be certified, to the end that proper action may be had in the Court below, in order to prevent juries from interfering with, the due course of law.

Per Curiam.                              Judgment reversed.