GEOGE W. WILLOUGHBY *v.* THOMAS H. THREADGILL and another.

In a civil trial in the Court below, the presiding Judge is the proper person to determine whether the jury has returned a verdict, or only tendered one; and he may, in his discretion, in view of all the circumstances, discharge them or call them into the box again, for the purpose of returning a proper verdict.

(*Houston* v. *Potts*, 65 N. C. Rep. 41, cited and distinguished from this; *Butts* v. *Drake*, 2 Hay, 262, cited.)

CIVIL ACTION, to recover the value of a note, tried before his Honor, *Judge Buxton*, and a jury, at the Fall Term, 1874, of ANSON Superior Court, upon an appeal from a Justice's Court.

The note sued on, was made payable to the plaintiff by defendants, for $140 and dated 29th of May, 1862, due —— day of ——, 1862, the consideration being the rent of a blacksmith shop and tools, hire of a slave and board in 1862. The plaintiff alleged that this consideration was worth $140 in currency, and introduced evidence tending to prove it.

The evidence introduced by the defendant tended to prove that the consideration of the note was not worth $140.

His Honor instructed the jury, that inasmuch as the giving this note was a Confederate transaction, they must ascertain by their verdict what was the value of the consideration for which the note was given; that the legislative scale of depreciation was not applicable, as it was agreed that the note was not given for a loan of Confederate money.

While the jury were out making up their verdict, the Court took a recess for dinner, and during the recess, the jury rendered to the Clerk of the Court their verdict, to-wit: "In favor of the plaintiff for $140, without interest."

When his Honor resumed his sitting, the verdict as rendered and entered by the Clerk, was brought to the attention of the Court by the plaintiff's counsel, who expressed dissatisfaction

therewith. The jury being in the court room, his Honor directed them to take their places in the jury box, and informed them that they had misconstrued the instructions of the Court, and had rendered a verdict which the Court was unwilling to receive; that they had nothing to do with the question of interest, and had no right to deprive the plaintiff of it; that the law gave interest as an incident to the note; and that they would please retire again and ascertain from the evidence what was the value of the consideration for which the note was given, so that the sum which was ascertained might be regarded as the principal of the note, instead of the sum stated in the note, to bear interest according to the tenor of the note.

To this proceeding and to the instruction given by his Honor, the defendants' counsel excepted; and insisted that the jury had in the first instance rendered such a verdict as they had a right to do; that it was a verdict proper in itself and was supported by the evidence; and that the judgment of the Court ought to be rendered in accordance therewith without further ado. Besides, the jury had discharged themselves of the case by rendering their verdict, and the Court could not re-com mit the case to them, although it might, by setting aside their verdict, commit the case to another jury.

His Honor, regarding the verdict as merely tendered to the Court, but not received by the Court, overruled the objection of the defendants, whereupon they excepted.

The jury having found the value of the consideration to be worth in good money $140, according to the face of the note, the plaintiff had judgment accordingly, with interest, &c.

From this judgment the defendants appealed. •

*Busbee & Busbee,* for appellants.
*Battle & Son,* contra.

SETTLE, J. This case is somewhat like that of *Houston* v. *Potts,* 65 N. C. Rep., 41, differing, however, in some important particulars.

1. In *Houston* v. *Potts*, we infer that the jury had dispersed and gone beyond the call of the Court, while in this case they were in the court room when his Honor returned after a short recess.

2. In that case there was a question of fact as to whether the contract was made in North or South Carolina, and whether the interest should be six or seven per cent., while in this case no such issue was presented, the law fixing and giving interest as soon as the contract was ascertained. Without relying upon the authority of *Butts* v. *Drake*, 2 Haywood, 262, we are of opinion that his Honor had the power when he returned into Court, after a short absence, and found the members of the jury still in the court room, to call them into the box and tell them that the verdict they had tendered was not accepted by the Court, and that they must retire and make up a proper verdict.

While this course would not be admissible in criminal cases, we think a larger power may be safely allowed in civil actions, and that the Judge who presides and sees all the incidents of the trial is the proper person to determine whether the jury has returned a verdict or only tendered one, and that he may, in view of all the circumstances, discharge them or call them together again, in the exercise of a sound discretion.

There is nothing in the instructions of his Honor of which the defendants can complain.

Judgment affirmed. Let this be certified, &c.

PER CURIAM.                    Judgment affirmed.