ANNETTE ABRAHAM *vs.* SUPERIOR COURT.
HAYGANOUSH ABRAHAM *vs.* SUPERIOR COURT.

JUNE 28, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J. These are two petitions for writs of *certiorari*. The writs were issued and, as the same question is raised in both petitions, they were heard together.

The facts are as follows. Alice M. Domina brought two actions for negligence, one against Annette, the other against Hayganoush Abraham, to recover damages for injury to an automobile caused by a collision with an automobile operated by Annette Abraham, an alleged servant of the owner, Hayganoush Abraham. Four other actions arising out of the same collision in the nature of cross actions between the same parties were brought later, which, on motion of Alice M. Domina, were ordered to be consolidated and tried together. The six cases were tried by a jury which on March 26, 1929, returned a verdict in each case for the defendant. Each verdict was signed by the foreman, read by the clerk to the jury, who assented to it. No request was made to poll the jury. The verdicts were recorded and the jury were dismissed. March 27, Alice M. Domina filed in the Superior Court motions, in action No. 75146 and in action No. 75147, alleging that the verdict in each of these cases to which the jury had in fact agreed, and which their foreman should have reported to the court, was for the plaintiff for $311.72 damages. She asked that the verdicts be corrected and the jury be reconvened and allowed to render their real verdicts. The trial justice ordered the

jurors to be reconvened, and on March 28 these motions were heard. Objection to any proceeding to change the verdicts was made by the defendants. This was overruled and exception was duly taken. The court directed the clerk to call the jurors who had served in the trial and all were found to be present. The clerk who had received the verdicts was called by the court as a witness and questioned by the court and then by counsel for each of the parties. He testified to the rendition and the recording of the verdicts. The court then directed that the jurors be sworn and proceeded to question each juror. Exception was duly taken and allowed to this action. The foreman in response to question by the court testified that in the cases where the Abrahams were suing the Dominas the jury found in each case for the defendant. Question 9: "And where the Dominas were suing the Abrahams you found for $311.72? A. $311.72. Q. And that was the finding as you came in this Court room? A. The finding." "THE COURT: Juror No. 2. You heard the statement of the Foreman, is that correct? Juror No. 2: That is." The same question was asked of juror number 3, 4, 5, 6, 7, 9, 10, 11 and 12, and each gave the same answer as Juror number 2. "THE COURT: Number 8? Juror No. 8: May I ask a question, Your Honor? THE COURT: Yes. Juror No. 8: I think that I am confused in the Plaintiff and Defendant in the Foreman's remarks and I am not sure to answer. THE COURT: Well, let me ask you if you had agreed to a verdict of $311.72 before you came out, in favor of anyone? Juror No. 8: For the Dominas."

The clerk by direction of the court then added to each original verdict the following words: "After hearing, above verdict is corrected to read as follows: The jury find that the Defendant is guilty in manner and form as the Plaintiff has in her declaration thereof complained against her and assess damages for the Plaintiff in the sum of $311.72." The clerk then asked the foreman and the jury if that was their verdict; they assented, and the new verdicts were signed

by the foreman and recorded, by order of the court, as rendered on March 28. The jury were then discharged.

The question in proceeding by *certiorari* is, did the Superior Court act without jurisdiction or in excess of its jurisdiction? *Cohen* v. *Superior Court*, 39 R. I. 272. After a jury has been discharged their connection with the particular case ceases and thereafter that case is beyond their control. The jurors can not be again brought together, without the consent of the parties, either to find another verdict or to amend the one already found. *Williams* v. *The People*, 44 Ill. 478; 35 C. J. 421. It is contended that the court could have corrected the verdicts without the intervention of the jury and that the jury in this instance acted simply as an instrumentality of the court. In some jurisdictions where the court is permitted to correct a mistake in a verdict, such action is based on affidavits made by the jurors; but no case has come to our attention in which the court has corrected a verdict by reversing it when the damages were unliquidated. In this State the use of affidavits of jurors after a verdict has been rendered is not often sanctioned. Affidavits of jurors as to what took place in the jury room or as to their own misconduct, either in or out of the jury room, during the trial or as to the grounds upon which they found their verdict, or that they misunderstood the evidence or the law, or were ignorant of the conclusive nature of their verdict, are inadmissible upon a motion for new trial, *Tucker* v. *Town Council*, 5 R. I. 558, *Luft* v. *Lingane*, 17 R. I. 420, *Phillips* v. *R. I. Co.*, 32 R. I. 16; but any attempt to tamper with a jury during or prior to the trial may be shown by such affidavits. *Carpenter* v. *Carpenter*, 48 R. I. 56.

The proceeding in the cases at bar can not be regarded as a correction of the verdicts and hence it is unnecessary to decide the question of the use of affidavits to correct a verdict. The record shows that the jury rendered two contrary verdicts on different days. The second verdict was by direction of the court. The jurisdiction of the court to direct a verdict is limited by the right of the jury to render such a

verdict. As the jurors had no right to render the second verdicts, the court of course could not properly direct the verdicts. The court, in directing new verdicts and changing the original verdicts, acted without jurisdiction.

The confusion in the verdicts apparently is a consequence of the joinder of too many actions in one trial. The total of plaintiff's claims against the defendants, principal and agent, was $561.72. It is not at all certain that the jury ever intended that plaintiff should recover more than one verdict for $311.72. As both plaintiff and defendants have motions for new trials pending in the Superior Court, it is still possible to avoid any miscarriage of justice.

In each case the following record made on March 28, 1929, is hereby quashed: "same granted and verdict rendered for Plaintiff for $311.72".

The records and papers, in each case, which have been certified to this court are ordered sent back to the Superior Court.

*Hinckley, Allen, Tillinghast & Phillips, Chauncey E. Wheeler, S. Everett Wilkins, Jr.*, for petitioners Abraham.

*Greenough, Lyman & Cross, Harvey S. Reynolds,* for respondent Domina.