### W. H. LIVINGSTON v. C. L. LIVINGSTON ET AL.

(Filed 15 June, 1938.)

**Trial § 43—Jury may not be allowed to change verdict after its discharge for the term.**

The jury returned an affirmative answer to the issue at trial, and the case being the last for the term, the court discharged the jury. Fifteen minutes later, the court, upon being informed that the jury through an affirmative answer decided the case in favor of one of defendants, permitted the jury to retire and change the answer to the issue from "Yes" to "No." *Held:* The action of the trial court amounted to setting aside

the verdict first rendered, and it appearing that the mistake of the jury was as to the legal effect of the first rendered verdict, and not an error of fact, the second verdict is without legal sanction, and a *venire de novo* is ordered. The distinction between permitting the jury to correct an error before its discharge, and permitting it to change its verdict after its discharge is pointed out.

APPEAL by plaintiff from *Pless, J.,* at November Term, 1937, of CALDWELL.

Petition for partition.

It is alleged in the petition that the plaintiff and defendants, as heirs at law of J. M. Livingston, are tenants in common of certain lands situate in Caldwell County—the share of each being specifically set out and designated as an undivided interest therein—and it is further alleged that, during the lifetime of the deceased, deeds of gift constituting advancements were made to two of his children, namely, T. R. Livingston and Mrs. P. V. Land, which plaintiff asks to be taken into consideration in dividing the land. *Vannoy v. Green,* 206 N. C., 80, 173 S. E., 275.

Upon denial interposed by the widow and children of T. R. Livingston that the deed to him constituted an advancement, the matter was transferred to the civil issue docket, and tried upon the following issue:

"Was the land in question advanced by J. M. Livingston to T. R. Livingston in his lifetime?"

After deliberating for approximately forty-five minutes, the jury returned the issue answered "Yes," which was received by the court as the verdict and ordered recorded. This being the last contested case for the term, the jury was instructed that they might prove their attendance in the clerk's office downstairs, and be discharged. About fifteen minutes later, the court was informed that the jury had thought the answer "Yes" was deciding the case in favor of Mrs. Livingston. Whereupon the jury was immediately called back into the box, and in response to an inquiry from the court, "one of the jurors stated they had agreed to decide the case for Mrs. Livingston and had thought that the answer 'Yes' constituted a decision in her favor."

Upon further inquiry, the court found "that the jury had not been tampered with or influenced in any manner, and had not discussed or conversed about the case with anyone, except that one juror had responded to a question in the clerk's office as to how the case had been decided, 'that it had been decided in favor of Mrs. Livingston.'" Over objection of plaintiff, the jury was thereupon permitted to retire and change the word "Yes" to "No." The issue was then recorded as having been answered in the negative. Exception.

From judgment on the verdict as last recorded, the plaintiff appeals, assigning errors.

LIVINGSTON *v.* LIVINGSTON.

*Pritchett & Strickland for plaintiff, appellant.*
*Max C. Wilson for defendants, appellees.*

STACY, C. J. The action of the court in respect of the verdict amounted in law to setting it aside and granting a new trial. *Mitchell v. Mitchell,* 122 N. C., 332, 29 S. E., 367. The second response of the jury is without legal sanction.

It is true, in *Lumber Co. v. Lumber Co.,* 187 N. C., 417, 121 S. E., 755, upon which the court's action is sought to be sustained, the jury, after separating over the noon recess, was allowed to reassemble and to correct an error in calculation, but that case is quite unlike this one, and rests upon a different principle. Correcting an error before the discharge of the jury is not the same as changing a verdict after its discharge for the term. *Willoughby v. Threadgill,* 72 N. C., 438.

"Where there has been a mistake in writing an answer to an issue, so that it does not express the actual agreement of the jury, the judge may allow them to correct it. . . . But this must be the correction of a verdict rendered, and not the rendering of a new verdict, because they were not satisfied with what they had done." McIntosh, N. C. Prac. and Proc., p. 666.

In the instant case, the issue submitted to the jury was really a collateral one. The jurors were not primarily concerned with its effect upon the rights of the parties. They answered the issue as they intended to answer it, "Yes," thinking, it is true, that such answer "constituted a decision in favor of Mrs. Livingston." But whether the case should ultimately be decided in favor of the plaintiff or Mrs. Livingston was not for them to determine. *Bundy v. Sutton,* 207 N. C., 422, 177 S. E., 420. The error, if any they made, was an error of law and not one of fact. *Little v. Larrabee,* 2 Greenleaf (Me.), 37, 11 Am. Dec., 43. They did what they intended to do, but misconceived the legal effect of their action. They were not aware of any mistake or error on their part even after the matter had been called to their attention, and not until the legal effect of the verdict was explained to them did they express any desire to change it. *Alston v. Alston,* 189 N. C., 299, 126 S. E., 737; *Lipscomb v. Cox,* 195 N. C., 502, 142 S. E., 779. See *Oil Co. v. Moore,* 202 N. C., 708, 163 S. E., 879; *Coxe v. Singleton,* 139 N. C., 361, 51 S. E., 1019.

The plaintiff is entitled to a *venire de novo.* It is so ordered.
*Venire de novo.*