The **BOARD OF COUNTY COMMISSIONERS OF CADDO COUNTY, Oklahoma,**
Plaintiffs in Error,

v.

**Ed NOVY and Bessie Novy, his wife,**
Defendants in Error.

No. 37183.

Supreme Court of Oklahoma.

June 19, 1956.

Frank Limerick, County Atty., Sam L. Wilhite, Anadarko, for plaintiffs in error.

Leslie Pain, Lawton, Oris L. Barney, Anadarko, for defendants in error.

PER CURIAM.

The plaintiff in error has appealed from the judgment rendered against it upon the verdict of a jury. The pertinent facts necessary to an understanding of the controlling question in this case are brief and uncontradicted. After argument of counsel, the court submitted the case to the jury and provided it with two prepared forms of verdict; one finding for the defendant and one finding for the plaintiff with the amount of recovery left blank. The jury retired and thereafter returned into the court. The foreman handed the court's instructions and the prepared verdicts to the judge who thereupon read the verdict appearing on the top of these papers. The verdict found for the defendant. The jury was polled at the request of the plaintiffs "and having affirmatively indicated that such was their verdict the jury was by the court released from further consideration of the case." Some ten minutes after the jury had left, the judge discovered that the second prepared form of verdict (the one finding for the plaintiffs) had also been signed by the same jurors that concurred in the verdict read in open court. The first verdict had not yet actually been recorded by the clerk. An attempt was immediately made to reassemble the jurors, but they had already returned to their homes. At nine o'clock the next morning the jury was reassembled and were addressed by the court concerning the two verdicts as follows:

"There is an inconsistency there and I have assembled you again and ask you to retire and consider which one is your verdict, and return the one that expresses the sentiments of the jury to the Court."

The jury thereupon returned the verdict for the plaintiffs upon which the court rendered its judgment. Upon questioning, they also signified that this was the verdict that they intended to return the previous day. No explanation was offered for their apparent inconsistency.

We conclude that the reception of the second verdict was erroneous and that the judgment must therefore be reversed. This is a novel question not heretofore decided in this jurisdiction. It takes no extended discussion, however, to demonstrate that such a procedure as was followed in the instant case is fraught with grave consequences and possibilities for mischief.

12 O.S.1951 § 585 provides that when the jury has agreed upon their verdict, they must be conducted into court, their names called by the clerk, and their verdict rendered by their foreman. Either party may then require the jury to be polled. 12 O.S. 1951 § 586 provides that the verdict shall be read by the clerk to the jury and the inquiry made as to whether it is their verdict. If no disagreement is expressed, the verdict is complete and the jury discharged from the case. If the verdict is defective in form only, it may be corrected by the court "with the assent of the jury, before they are discharged." These sections comprehend some finality to the responsibility and duties of the jury. We find no statutory authority for the reassembling of the jury for any purpose after they have been discharged and permitted to separate and leave the presence of the court.

As a general rule, after the jury has been permanently discharged from a case, it cannot be reassembled to amend or correct its verdict in matters of substance. Petitti v. State, 2 Okl.Cr. 131, 100 P. 1122, 1123. In the case cited, the foreman of the jury announced a verdict contrary to that disclosed by the written verdict which was not read to the jury as the statute directs. The Criminal Court of Appeals stated that the written verdict must prevail for, "After a jury has been discharged and has mingled with the public, the persons who served on it are no longer a jury, and have lost all connection with and control over their verdict. They have nothing more to do with the verdict than any other private citizen. If they were allowed to contradict or im-

peach the verdicts which they have returned into court. the door would be opened to all manner of abuses."

Examination of many cases dealing with somewhat similar factual situations discloses many seemingly conflicting decisions. Yet, with few exceptions, it seems to be agreed that the discharge of the jury, coupled with the fact that the members of the jury have separated and left the presence of the court for a considerable time, is sufficient to prevent any further consideration by that jury of its action or any change of the verdict announced by it to the court. For the preservation of the integrity of the jury system, we can countenance no other rule.

The defendant in error has cited Keyes v. Chicago, B. & Q. Ry. Co., 326 Mo. 236, 31 S.W.2d 50 and Riley v. St. Louis Pub. Serv. Co., Mo.App., 245 S.W.2d 666, to sustain the action taken by the trial court. In the Keyes case, supra, the court placed great emphasis on the fact that the first verdict had not been recorded, as does this defendant in error, but we do not understand the facts in that case to be contrary to the rule as stated here. In that case the jury was ordered to stay in the courtroom, and had not dispersed or separated prior to the discovery of the second verdict. Neither does the Riley case, supra, conflict with the stated rule. In that case the court refused to alter the verdict first returned into court where the jury had been polled, the verdict recorded, and the jury discharged and separated.

■ The action of the court in this case amounted to setting aside the first verdict and granting a new trial. Livingston v. Livingston, 213 N.C. 797, 197 S.E. 597. The entry of judgment upon the second verdict was error. Abraham v. Superior Court, 50 R.I. 207, 146 A. 617, 66 A.L.R. 533; Murry v. Belmore, 21 N.M. 313, 154 P. 705; People v. Lee Yune Chong, 94 Cal. 379, 29 P. 776; Yonker v. Grimm, 101 W.Va. 711, 133 S.E. 695, 697. We do not mean to infer that there was any unfair practice in this case; but we think it better that litigants should occasionally suffer delay than that such a source of troublesome inquiry should be opened as would inevitably follow after verdict rendered and affirmed, and opportunity afforded the members of the jury to be influenced by conversation with the litigants and others. Kennedy v. Stocker, 116 Vt. 98, 70 A.2d 587.

The judgment is reversed with directions to grant the defendant a new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Nease and approved by Commissioners Reed and Crawford, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.