RAYFORD R. SELPH v. ANNA S. SELPH.

(Filed 16 June, 1966.)

**1. Trial § 48—**

The trial judge has the discretionary power to set aside a verdict when, in his opinion, it would work injustice to let it stand; and, if no question of law or legal inference is involved in the motion, his action in so doing is not subject to review on appeal in the absence of a clear abuse of discretion.

**2. Trial § 46—**

After the verdict has been rendered and received by the court, and the jury has been discharged, jurors will not be allowed to attack or overthrow it, nor will evidence from them be received for such purpose.

**3. Trial § 48—**

Where the trial court finds from his examination of one of the jurors that at least three jurors were confused as to the legal effect of their verdict, and thereupon orders that the verdict be set aside in the discretion of the court, there being no suggestion by the juror of any clerical error in the written verdict or that the jurors had been confused about the facts, *held*, it appearing from the court's order that it was based upon grounds which the law does not recognize nor sanction, the order must be vacated for error of law and the cause remanded for judgment on the verdict which the court had accepted.

MOORE, J., not sitting.

APPEAL by defendant from *Carr, J.*, January 17, 1966 Civil Session of CUMBERLAND.

Plaintiff brought this action for an absolute divorce from defendant upon the grounds of one year's separation. Defendant, alleging that plaintiff had abandoned her without just cause or excuse, counterclaimed for alimony without divorce. Upon the trial, issues were submitted to the jury and answered as follows:

"1. Has the plaintiff been a resident of the State of North Carolina for at least six months next preceding the institution of this action?

ANSWER: Yes.

"2. Were the plaintiff and defendant lawfully married to each other as alleged in the Complaint?

ANSWER: Yes.

"3. Have the plaintiff and defendant lived continuously separate and apart from each other for at least one year next preceding the institution of this action?

ANSWER: No.

"4. Did the plaintiff wrongfully abandon the defendant without adequate provocation, as alleged?

ANSWER: Yes."

Upon the coming in of the verdict, at the request of plaintiff's counsel, the jury was polled, and each juror stated that he had answered the issues in accordance with the written verdict returned. The verdict was recorded, and the court dismissed the jury. With counsel's consent, he continued until the following week the hearing to determine the amount of alimony which plaintiff should pay defendant. Thereafter, one of the jurors who had not left the courtroom informed plaintiff's attorney "that there was some question in his mind as to the legal effect of his answer to the fourth issue." Counsel immediately took the juror to Judge Carr, who examined him in Chambers.. The juror stated to the judge "that he and two other jurors were mistaken as to how and on what basis of law the charge in the third and fourth issues were to be answered, that they were confused, mistaken, and misunderstood how some of the issues were to be answered and were under the impression that the plaintiff would not be required to support the defendant."

Based upon the foregoing statement of the juror, plaintiff filed a written motion on January 24, 1966, that the verdict be set aside and a new trial granted. Judge Carr heard the motion and, on January 28, 1966, entered an order in which he found as a fact that the juror, whom he had examined "in chambers before he left the courtroom, . . . and at least two others, were mistaken as to the legal

effect of their answer to the fourth issue." He thereupon ordered "that the verdict rendered by the jury be, and the same is hereby set aside in the discretion of the court, and a new trial is ordered." Defendant excepted to this order and appealed.

*Elizabeth C. Fox for plaintiff appellee.*
*Smith, Herring & Swaringen by W. Ritchie Smith, Jr., for defendant appellant.*

SHARP, J. No two rules are better settled in North Carolina than these:

(1) The trial judge has the discretionary power to set aside a verdict when, in his opinion, it would work injustice to let it stand; and, if no question of law or legal inference is involved in the motion, his action in so doing is not subject to review on appeal in the absence of a clear abuse of discretion. *Goldston v. Wright,* 257 N.C. 279, 125 S.E. 2d 462; *Walston v. Greene,* 246 N.C. 617, 99 S.E. 2d 805; *Roberts v. Hill,* 240 N.C. 373, 82 S.E. 2d 373; *Pruitt v. Ray,* 230 N.C. 322, 52 S.E. 2d 876; 4 Strong, N. C. Index, Trial § 48 (1961). (2) After their verdict has been rendered and received by the court, and they have been discharged, jurors will not be allowed to attack or overthrow it, nor will evidence from them be received for such purpose. *State v. Hollingsworth,* 263 N.C. 158, 139 S.E. 2d 235; *In re Will of Hall,* 252 N.C. 70, 113 S.E. 2d 1.

In this case, the judge did not purport to set aside the verdict because he considered it against the weight of the evidence or a miscarriage of justice. No motion was made upon those grounds; and apparently no motion to set aside the verdict was contemplated upon *any* ground until the juror informed counsel for plaintiff that he and two others "were under the impression that the plaintiff would not be required to support the defendant." The basis of the motion to set aside the verdict was evidence furnished by a juror which tended to impeach his verdict, and the judge — specifically designating the reasons for his action — allowed the motion upon this evidence. The law says, however, that such testimony will not be received. If admitted at all, evidence for that purpose "must come from some other source" than the jurors themselves. *State v. Hollingsworth, supra.* Obviously, evidence such as that given by the juror in this case could come only from a member of the jury.

It is interesting to note that this juror did not suggest any clerical error in the written verdict which he and the other eleven had returned, and which they had all affirmed upon the poll, a short time before. "Yes" and "No" had been correctly recorded. Furthermore, the juror did not intimate that either he or the other two

whom he represented as having been confused as to the law had been confused about the facts. Obviously, they had simply been mistaken as to the legal effect of their findings of fact. A similar situation occurred in *Livingston v. Livingston,* 213 N.C. 797, 197 S.E. 597. In that case, fifteen minutes after the judge had received the verdict, ordered it recorded, and dismissed the jury, a juror informed him that the jury had agreed to decide the case for Mrs. Livingston, and had thought that the answer "Yes" constituted a decision in her favor. Upon receiving this information, the judge reassembled the jury in the box and permitted them to change the word "Yes" to "No." In declaring the second verdict to be "without legal sanction," Stacy, C.J., speaking for the Court, said:

> "But whether the case should ultimately be decided in favor of the plaintiff or Mrs. Livingston was not for them (the jurors) to determine. . . . The error, if any they made, was an error of law and not one of fact. . . . They did what they intended to do but misconceived the legal effect of their action. They were not aware of any mistake or error on their part even after the matter had been called to their attention, and not until the legal effect of the verdict was explained to them did they express any desire to change it." *Id.* at 799, 197 S.E. at 598-99.

The court treated the first verdict as having been set aside in the judge's nonreviewable discretion and ordered a new trial.

Jurors likewise make an error of law, but not of fact, when — in a negligence action — they answer the issues of negligence and contributory negligence "Yes," and then award the plaintiff damages on the third issue. In such cases it is held that the court should accept the verdict and render judgment thereon for defendant. *Swann v. Bigelow,* 243 N.C. 285, 90 S.E. 2d 396; *Butler v. Gantt,* 220 N.C. 711, 18 S.E. 2d 119; *Allen v. Yarborough,* 201 N.C. 568, 160 S.E. 833.

In this case no abuse of discretion appears, nor is any abuse suggested. However, error in law does appear, for the motion upon which Judge Carr acted was based on grounds which the law does not recognize or sanction. To permit his order to stand would permit a juror to impeach the verdict and thus violate a public policy which had "been long settled" when the case of *State v. M'Leod,* 8 N.C. 344, was reported in 1821. If Judge Carr, without finding any facts except that the ends of justice required the action, had set aside the verdict in the exercise of his discretion, his order would have been unassailable on appeal.

> "The power of the court to set aside the verdict as a matter of discretion has always been inherent, and is necessary to the

proper administration of justice. . . . When the verdict is set aside as a matter of discretion it is not necessary to find the facts . . . and if no reason is given it is presumed that the new trial was granted as a matter of discretion, and the appeal will be dismissed." *Bird v. Bradburn,* 131 N.C. 488, 489-90, 42 S.E. 936-37. *Accord, Brittain v. Aviation, Inc.,* 254 N.C. 697, 120 S.E. 2d 72; *Jones v. Insurance Co.,* 210 N.C. 559, 187 S.E. 769; 2 McIntosh, N. C. Practice & Procedure § 1594 (2d Ed. 1956 and Supp. 1964).

Had Judge Carr felt that the verdict in this case was against the weight of the evidence, that it was affected by prejudice, or that any circumstances not furnishing a legal ground for setting aside the verdict had weighed too heavily against the plaintiff, and had resulted in inequity, he could have adopted the method approved in *Bird v. Bradburn, supra,* to set it aside. See *In re Will of Hall, supra* at 88, 113 S.E. 2d at 13. It is significant that he did not do so. Instead, in an order which fails to suggest that the verdict represented a miscarriage of justice, he "spelled out" the grounds upon which he set it aside. These grounds, as a matter of law, require that his order be vacated and the case remanded for judgment on the verdict which the court had accepted.

Reversed.

MOORE, J., not sitting.