State v. Thomas

STATE OF NORTH CAROLINA v. ANTHONY THOMAS

No. 7720SC513

(Filed 7 December 1977)

1. **Criminal Law § 46— refusal of defendant to flee—evidence inadmissible**

   The trial court in an armed robbery prosecution did not err in refusing to allow defendant to show that he was not arrested for several days after he was questioned by an officer and that during that time he did not attempt to flee.

2. **Criminal Law § 128— motion to set verdict aside—denied—no error**

   The trial court did not abuse its discretion in denying defendant's motion to set aside the verdict where the jury requested additional evidence; the court told them that they would have to decide the case on the evidence presented; after the jury returned to the jury room, defendant requested that the jury be given additional instructions concerning the burden of proof; the court declined; and no objection was made and no exception taken.

APPEAL by defendant from *Gavin, Judge*. Judgment entered 1 March 1977, Superior Court, MOORE County. Heard in the Court of Appeals 24 October 1977.

Defendant was indicted for and convicted of armed robbery. From judgment of imprisonment for not less than 30 nor more than 35 years, defendant appealed.

The State presented one witness, J. Ayres Ricker, who was employed at the Pinehurst Motor Lodge on the 12th of November, 1976, as a desk clerk. He testified that on that date, between six and six-thirty p.m., he was robbed at gun point by defendant, whom he identified and pointed out in the courtroom. The witness stated that there were six overhead lights in the area where he and defendant were standing; that defendant had on a dark colored woolen cap, a black leather jacket, and dark trousers. Defendant's face was not covered. The defendant and Mr. Ricker had

a conversation of about two minutes duration. Defendant asked for change for a dollar, then pulled a gun out and demanded the rest of the money in the cash drawer. Mr. Ricker handed the money to him. The witness later identified defendant's photograph from a series of photographs furnished by an officer. Defendant was in the presence of Mr. Ricker for five to six minutes, and Mr. Ricker was positive about the identification.

Defendant testified in his own behalf. He said that he left the Aberdeen Grill about six o'clock, having been shooting pool with three others, whom he named, since about one o'clock that afternoon. Headed toward his sister's house, he walked about half way and caught a ride with Jimmy Campbell. His sister's house is about a mile from the Aberdeen Grill. At his sister's house, he ate and took a bath. About seven o'clock he left to go to the Fox Club, a distance of about one-half mile. When he was almost there, he met Ann and Robina Reeves and the three of them walked together to the Club. He stayed there until it closed and went from there to the Country Kitchen, arriving home about two-thirty or three a.m. On 13 November Officer Frye picked him up and asked him some questions but did not arrest him. A few days before 12 November he had checked in the Pinehurst Motor Lodge and stayed for about two nights with some friends playing cards. The pool hall is about a mile and one-half from the Pinehurst Motor Lodge.

One Albert Singletary testified that he saw defendant at the Aberdeen Grill at six o'clock on Friday, 12 November, and Ann and Robina Reeves both testified that about seven or seven-thirty they walked with defendant to the Fox Club.

Other facts necessary for decision are set out below.

*Attorney General Edmisten, by Associate Attorney Jo Anne Sanford Routh, for the State.*

*Seawell, Pollock, Fullenwider, Robbins and May, by Bruce T. Cunningham, Jr., for defendant appellant.*

MORRIS, Judge.

[1]   By this appeal, defendant brings forward two assignments of error. The first one is directed to the court's excluding evidence concerning the date of arrest. It is obvious from the record that

defendant wanted to be allowed to show that he was not arrested for several days after he was questioned by Officer Frye on 13 November and that he remained in Aberdeen.

"The general rule is that the defendant in a criminal case is not, for the purpose of showing his innocence, allowed to prove that he refused to take to flight before his arrest or to escape from jail after his arrest, even though offered the opportunity to do so, at least in the absence of any testimony that he had attempted to flee or escape." 29 Am. Jur. 2d, 334, Evidence § 287. Refusal to flee or escape; voluntary surrender.

In *State v. Wilcox*, 132 N.C. 1120, 44 S.E. 625 (1903), defendant, at his second trial, sought to introduce testimony that since his incarceration, he had had numerous opportunities to escape but refused to do so. Justice Connor, writing for a unanimous Court, said:

"The exact question has been decided by this Court in *S. v. Taylor*, 61 N.C., 508, *Battle, J.*, saying: 'The argument in favor of the exception is that as the flight of an alleged criminal is admissible as evidence against him, his refusal to flee in the first instance and his declining to escape after having been admitted to jail ought to be admitted as evidence in his favor. The argument is plausible, but it would be permitting prisoners to make evidence for themselves by their subsequent acts.' ", p. 1136,

and upheld the trial court's exclusion of the evidence. For the same reason, we overrule defendant's assignment of error.

[2] By his remaining assignment of error defendant contends that the court committed prejudicial error in denying his motion to set aside the verdict. He properly concedes that this motion is addressed to the court's discretion but he urges that to let the verdict stand in this case would work an injustice. Defendant relies on *Selph v. Selph*, 267 N.C. 635, 148 S.E. 2d 574 (1966), for his position. We do not so interpret Chief Justice Sharp's words. She said:

"The trial judge has the discretionary power to set aside a verdict when, in his opinion, it would work injustice to let it stand; and, if no question of law or legal inference is involved

in the motion, his action in so doing is not subject to review on appeal in the absence of a clear abuse of discretion." (Citations omitted.) *Selph v. Selph*, at 637.

It is obvious that the trial court did not have the opinion that to let the verdict stand would result in injustice. No question of law or legal inference is involved in the motion. We are, therefore, obliged to determine whether the record reveals "a clear abuse of discretion". There is none. After the jury had deliberated for an hour and twenty-five minutes, they returned to the courtroom and, through the foreman, asked if they could hear from the person driving the car with whom defendant got a ride to his sister's house. The court quite properly told them that they would have to decide the case on the evidence presented. This was, according to the facts dictated into the record by the court, after the court, defense counsel, and the district attorney had agreed that this would be the only instruction to be given the jury in response to their inquiry. The jury returned to the jury room. After the jury had returned to the jury room, defendant requested that additional instructions be given the jury; *i.e.*, that the State had the burden of proof. The court declined. No objection was made and no exception taken. The defendant moved to set aside the verdict on the grounds that the jury disregarded the court's instructions as to the burden of proof. The charge of the court is not made a part of the record. We assume, therefore, that it contained no error and that the defendant was satisfied with the court's instructions with respect to the burden of proof. In any event, it appears clear that the record is totally void of any words or actions on the part of the trial court which would amount to abuse of discretion.

In the trial of this case we find

No error.

Judges VAUGHN and CLARK concur.