## STATE v. RUFUS YOUNG.

*Verdict—Right to have jury polled.*

Upon rendition of a verdict in a criminal action both the defendant and the Solicitor for the State have a legal right to demand that the jury be polled, and it is error in the Court to refuse it.

INDICTMENT for Rape, tried at Spring Term, 1877, of ROWAN Superior Court, before *Kerr, J.*

There was a verdict of guilty, and the defendant's counsel demanded that the jury be polled, which demand the Court refused. Judgment. Appeal by defendant.

*Attorney General* and *Mr. J. M. McCorkle,* for the State.
*Mr. W. H. Bailey,* for the defendant.

FAIRCLOTH, J.    After the jury had consulted together and returned, upon being interrogated by the Court, they stated through their foreman that they had agreed on a verdict of guilty, and thereupon and before the verdict was recorded, the defendant demanded that the jury be polled, which was refused by the Court and the defendant excepted.

This is the only exception we find it necessary to consider, and the question presented has not been heretofore decided in this State.

We think a defendant on trial in a criminal case (and of course the Solicitor for the State) has the right to have the jury polled, whether it be an oral or a sealed verdict. He has no right to say in what manner it shall be done, nor to propound any question, but simply to know that the verdict given by the foreman is the verdict of each juror, and we think it is error in the Court to deny it when demanded.

The right of the Judge to poll the jury is immemorial,

and has never been questioned so far as we are informed.. We can see no good reason why it should be denied to the defendant, and we cannot conceive of a case in which any harm would result from the exercise of it under the direction of the Court, and experience shows that notwithstanding the response of the foreman for the jury, there are cases in which individual jurors refuse to assent on being polled. How is the defendant to know that this is really the verdict of all, and that no one has been deceived or coerced into an assent to that which his judgment does not now concur in ? There is no mode of ascertaining this fact except by the evidence of the jurors themselves when they come into Court.

When the verdict has been received from the foreman and entered, it is the duty of the Clerk to cause the jury to hearken to their verdict as the Court has it recorded, and to read it to them and say;—"So say you all." At this time any juror can retract on the ground of conscientious scruples, mistake, fraud, or otherwise, and his dissent would then be effectual. This right is surely one of the best safeguards for the protection of the accused, and as an incident to jury trials would seem to be a constitutional right and its exercise is only a mode, more satisfactory to the prisoner, of ascertaining the *fact* that it is the verdict of the whole jury.

On examination we find that in several States the right is conceded and the practice well settled, but the decisions are not uniform. It was so expressly decided in *Jackson* v. *Gale,* 3 Cowen, 23 ; *Sargent* v. *State,* 11 Ohio, 472 ; *Stewart* v. *People,* 23 Mich. 63. Mr. Bishop says ;—" And it is held in most of our States that either party may claim as of right to have the jury polled, and a denial of this right is an error in the proceedings." 1 Crim. Prac. § 830.

And we feel somewhat supported in our conclusion by Art. 1, § 13, of our Constitution, which declares that "no person shall be convicted of any crime but by the *unani-*

*mous* verdict of a jury of good and lawful men in open Court."

There is error. Let this be certified, &c.

PER CURIAM.                                        *Venire de novo.*