THOMAS J. WRIGHT v. ROBERT HEMPHILL.

*Practice—Correcting Verdict.*

In civil actions, it is admissible for the judge, on retiring from the bench, by consent of parties, to direct the clerk to receive the verdict of the jury if they should agree during the recess; and on his return, it is competent to the judge, if the verdict be not responsive to all the issues, and the jury being in court, and there being no suggestion of tampering or other improper influence, to order them to retire and complete their verdict in the same manner as in cases of verdicts rendered in open court.

(*Willoughby* v. *Threadgill*, 72 N. C., 438; *Robeson* v. *Lewis*, 73 N. C., 107, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of GUILFORD Superior Court, before *Kerr, J.*

The facts constituting the basis of the exception taken in the court below are sufficiently stated by Mr. Justice DILLARD in delivering the opinion. Verdict and judgment for defendant, appeal by plaintiff.

*Messrs. Scott & Caldwell*, for plaintiff.
*Mr. J. A. Gilmer*, for defendant.

DILLARD, J. On the trial of this action of claim and delivery for a horse, which had been taken out of the possession of the defendant and delivered to the plaintiff, His

Honor, on leaving the bench in the evening, by consent of the parties, directed the clerk to receive the verdict of the jury, when they should come in. At the opening of court next morning the judge called for the reading of the verdict, and the jury having found the property in the horse to belong to the defendant, but omitted to fix the value and assess the damages for detention, His Honor refused to accept the verdict and directed the jury then present in court to return and supply the omission, as to which there was no conflict of evidence, there being but one witness as to the value.

The jury retired and in a short time returned a verdict finding " all issues in favor of the defendant and assessed his damages at $45, with interest from the 1st day of June, 1877, which was received by the court and ordered to be recorded; plaintiff excepted to the order of the judge in directing the jury to retire and complete their verdict, and also to the grant of judgment on the verdict as finally recorded, and now on appeal to this court, His Honor's ruling in these respects is complained of as erroneous.

It is always proper for the judge, when a jury returns their verdict in open court, to see that it is responsive to every material issue of fact submitted to them, and if it be not so, to refuse to receive it and direct the jury to retire and make up and bring in a complete verdict.

In civil actions it is the practice for the judge, on retiring from the bench, by consent of the parties, to direct the clerk to receive the verdict of a jury then out considering their verdict; and on his return it is competent to the judge, if there be an omission of the jury to respond to the issues, the jury being present in court and no suggestion being made of tampering or other influence, to order them to retire and complete their verdict in the same manner as in cases of verdicts rendered in open court.

In accordance with this practice, in the case of *Willoughby*

v. *Threadgill,* 72 N. C., 438, the jury returned their verdict to the clerk and separated and were dispersed for five minutes, and His Honor, on coming upon the bench, ordered them to retire and complete their verdict, and on appeal to this court, it was held to be admissible in civil cases that the judge who presided and saw all the incidents of the trial should determine whether the jury had rendered or only tendered a verdict, and in view of all the circumstances in the exercise of a sound discretion, might discharge the jury or call them together again. And this practice was approved in the case of *Robeson* v. *Lewis,* 73 N. C., 107, and other cases.

Ordinarily we would not think it admissible after the rendition of a verdict to the clerk and a dispersion of the jury, to call them together again and allow them to complete a verdict as to omitted points about which there was a conflict of evidence, or as to which there was a possibility of communication and influence by either party during the separation ; but in this case the omission in the verdict was in not fixing the value of the horse and damages for his detention about which there was no controversy, there being but one witness as to that matter, and, therefore, in view of the state of the proof bearing on the omitted point, it was obvious that no suspicion did, or possibly could be entertained of any influence on the jury during the separation, and in the exercise of a sound discretion, His Honor might the next morning require the jury to perfect their verdict with as much propriety as if done at the instant of its rendition to the clerk.

On the return of the verdict assessing the damages of the defendant at $45, with interest from the 1st day of June, 1877, the statement of the record is that the plaintiff excepted to the verdict and moved to set it aside and for a new trial, without specifying the grounds of his exception and motion ; but we suppose it was on the idea that the ver-

dict was such as not to authorize the court to proceed to judgment thereon.

The counsel of the defendant in this court having entered a *remitter* for the interest on the $45 found as the value of the horse, it is not necessary that we should consider the exception to the verdict on that account.

There is no error.   Judgment of the court below affirmed.
No error.                                        Affirmed.