CORNELIA J. MITCHELL v. ALICE B. MITCHELL.

(Decided March 22d, 1898.)

*Trial—Verdict—Clerk of Superior Court—Jury—Separation of Jury—Practice.*

1. The clerk cannot take a verdict in the absence of the judge unless expressly authorized by him to do so.

2. Where, in the absence of the Court, an irregular verdict is entered or inconsistent or contradictory responses appear on which a judgment agreeable to law cannot be awarded, the only remedy is to set the verdict aside.

3. After adjournment of Court for the day, a jury by consent rendered a verdict to the clerk responding to all the issues, and the verdict was recorded in the minutes. The next morning, after the minutes were signed, the jury were recalled and the Court recommitted two of the issues with directions to the jury to retire and make up their verdict thereon, which they did. *Held,* that the verdict as to the two issues will be set aside and a new trial ordered thereon, but the verdict on the other issue, which was not affected by the new verdict, will not be disturbed.

CIVIL ACTION tried before *McIver, J.,* and a jury at August, 1897, Special Term of GUILFORD Superior Court. A verdict was rendered for the plaintiff under the circumstances detailed in the opinion, and from the judgment thereon defendants appealed.

*Mr. R. R. King* for plaintiff.
*Mr. John A. Barringer* for defendant (appellant.)

FAIRCLOTH, C. J.: The seven issues were submitted to the jury just prior to the adjournment of court in the afternoon. By consent of counsel on both sides, the Judge directed the jury to retire and return their verdict to the clerk and be discharged until next morning, which they did after the court had adjourned until next

morning, responding to each issue.　The jury separated for the night and the clerk recorded their verdict in the minutes that night.　Next morning the Judge on his own motion had the jury called into the box and called their attention to the evidence bearing upon the issues No. 4 and No. 5 and the law relating thereto, and recommitted the issues to the jury and instructed them to retire and make up their verdict, which they did, rendering a different verdict on the 4th and 5th issues, which the Judge instructed the clerk to record as the verdict, and approved the same.　The defendant's counsel objected to the recommitting of the issues to the jury.　The counsel excepted to the judgment as unwarranted in law, and because the Judge had signed the minutes, including the first verdict, before the second verdict was rendered.　The exception is well taken.

The clerk cannot take a verdict in the absence of the Judge unless expressly authorized by the Court to do so. When he does so without authority and the verdict is irresponsive to all the issues, the Judge has the power to order the jury to retire and finish their verdict, they not having dispersed and there being no allegation that they have been tampered with.　*Petty* v. *Rosseau*, 94 N. C., 355.　And so, after verdict entered, the Court may permit the jury before separation to correct their verdict and make it express what they have agreed to and intended.　*Cole* v. *Laws*, 104 N. C., 651.

There are many instances in which the Court may permit and require juries to change or correct their verdicts in the presence of the Court before they have separated, so as to make the findings consistent and harmonious, and authorize a judgment to be entered.　In such cases the Court determines whether the jury has tendered or returned a verdict, and may call them into the box for

MITCHELL *v.* MITCHELL.

a proper verdict, or discharge them in his discretion un-
der the existing circumstances. *Robeson* v. *Lewis*, 73
N. C., 107; *Willoughby* v. *Threadgill*, 72 N. C., 438. If,
however, in the absence of the Court an irregular ver-
dict is entered, or inconsistent or contradictory responses
appear, on which a judgment agreeable to law cannot
be awarded, the only remedy is to set the verdict aside.
*Houston* v. *Potts*, 65 N. C., 41; *Porter* v. *Railroad*, 97
N. C., 66.

In the case at bar, the jury having responded to all
the issues, and having been discharged by order of the
Court and retired for the night and the verdict recorded,
and there being no suggestion of any undue influence
operating on the jury, we cannot approve the practice of
recalling them and allowing them to change the verdict
after separation, when an opportunity has intervened for
undue and outside influence to operate on their minds.
*Wright* v. *Hemphill*, 81 N. C., 33.

A new trial is ordered on the 4th and 5th issues. We
see no reason for disturbing the findings on the other
issues, as they were not affected by the second verdict.

New trial.