This is a proceeding for probate of paper-writing as the last will and testament of Mary A. Sugg.
The issues were submitted to a jury at March Term, 1927, of the Superior Court of Mecklenburg County. Answers to these issues were received by the clerk, as the verdict, in the absence of the judge pursuant to agreement of counsel. Caveators thereafter moved that said answers be set aside and that a new trial be ordered. Pursuant to agreement of counsel theretofore made, this motion was heard after the expiration of the March Term.
From order setting aside the answers to the issues, and ordering a new trial, as a matter of law, and not in the exercise of discretion, propounders appealed to the Supreme Court.
This proceeding was called for trial during the last week of the March Term, 1927, of the Superior Court of Mecklenburg County at which Judge Finley presided. After introduction of evidence by both propounders and caveators, argument of counsel and the charge of the court, the issues were submitted to the jury about 10 o'clock, on Friday night, 18 March, 1927.
At 12 o'clock on Saturday morning the jury had not returned a verdict; they were still deliberating upon the issues submitted to them the night before. The judge thereupon intimated to counsel that he desired to go to his home at Wilkesboro to spend the week-end, and that in order to do so, he must leave Charlotte at 2 o'clock p. m. In deference to this intimation, it was agreed by counsel for both propounders and caveators, that the judge should leave the court, and that in his absence the clerk should take the verdict. It was further agreed that motions and appeal entries could be made either within or without the term, and that judgment should be signed by the judge thereafter. Pursuant to this agreement, which was made known to the judge, he instructed the clerk as follows:
"That if the jury did not agree before, to let them deliberate until about 4 o'clock, and for the clerk, about that time to call upon them and inquire what progress they were making, and if they reported progress, to let them remain and deliberate as much longer as the clerk in his judgment should think best, but if they reported that they were making no progress, and that it was not possible for them to agree, for him to withdraw a juror, make a mistrial and discharge the jury for the term, that day being the end of the term, but if they did agree, for the clerk to take the verdict, in the absence of the court."
This instruction to the clerk was given by the judge in the presence of counsel and with their consent. The judge thereafter left the court. and at 2 o'clock p. m. left Mecklenburg County for his home at Wilkesboro.
Pursuant to his instructions, the clerk called upon the jurors, in the jury room, about 4 o'clock p.m., and upon being informed by them that they were making progress in their deliberations, and would probably agree upon a verdict in a short time, he left them. Shortly before 5 o'clock p.m. the jurors came into the court room and announced that they were ready to return their verdict. The clerk said, "Gentlemen of the jury, have you agreed upon your verdict?" The foreman replied, "We have." Whereupon the clerk said, "So say you all?" The foreman and several of the jurors thereupon nodded assent. The foreman handed to the clerk the issues, with answers favorable to the propounders. *Page 641 
Counsel for caveators thereupon demanded that the jury be polled; counsel for propounders objected, on the ground that under the agreement pursuant to which the clerk was authorized to take the verdict in the absence of the judge, the clerk had no right to poll the jury. Notwithstanding this objection, the clerk proceeded to poll the jury, as demanded by counsel for caveators. To this the propounders excepted.
When the name of the juror, J. R. Cunningham, which appeared first on the list of jurors, was called, the clerk asked him, "Is this your verdict?" He replied, "Yes, but — ." After hesitating for a short time, the juror said, "Well, I have something to say concerning my decision, but I guess I can't say anything because the judge is not here." The clerk repeated his question to the juror, "Is this your verdict?" The juror answered, "Yes."
The poll of the jurors was continued, and each of the other jurors, in response to the clerk's question, replied "Yes." The clerk then discharged the jury and recorded the answers to the issues as the verdict of the jury.
Immediately after the jury was discharged, the juror Cunningham, upon being interrogated by a reporter for a local newspaper, who was present at the time, as to what statement he wished to make to the court, said, "Well, I did not want to vote the way I did, but I had to, as they (the other jurors) were all against me. I thought, and still think, that the will was secured by improper influence, but a mistrial is a great expense to the county."
In addition to the foregoing facts, which the judge found upon the hearing of caveator's motion to set aside the answers to the issues, as recorded by the clerk, he further found from the affidavit of the juror Cunningham that if the judge had been present when the jurors were polled, he would have stated to the judge that he was still of the opinion that Mrs. Sugg did not have a good mind, and that she had been unduly influenced by Mrs. Fayssoux in making her will, but that if with this statement before the court, it was agreeable to the judge for the juror to vote to uphold the will in spite of that opinion, he was willing to do so, in order to give a unanimous verdict.
Upon his findings of fact, as herein set out, the judge was of opinion that the juror Cunningham did not unqualifiedly assent to the verdict as and when rendered in open court, and thereupon, as a matter of law, allowed the motion of the counsel for caveators that the verdict be set aside and a new trial ordered.
The question, whether either party to civil actions, tried in the courts of this State, has the right to have the jurors polled before a verdict tendered by them is accepted by the court, as the verdict in the action, was first presented for decision by this Court in Smith v. Paul, *Page 642 133 N.C. 66. Walker, J., writing the opinion for the Court in that case, cites S. v. Young, 77 N.C. 498, in which it had been held that in a criminal action, both the defendant and the solicitor for the State have the right to demand that the jury be polled before its verdict is accepted, in order that it may be ascertained whether or not such verdict is unanimous. It is said in the opinion in the latter case that the right of the judge to poll the jury is immemorial, and had never been questioned, so far as the Court was informed. Upon an examination of the principles upon which that case was decided, this Court held that they were applicable to a decision of the question then under consideration. It was thereupon held that either party to a civil action is entitled to have the jury polled. InCulbreth v. Borden Mfg. Co., 189 N.C. 208, Smith v. Paul, supra, is cited as determinative of this question. It was there held that the losing party in a civil action may demand a polling of the jury upon the return of the verdict, as a matter of right. Const., Art. I, sec. 19. The fact that this is a proceeding for probate in solemn form of a paper-writing as a last will and testament, and not strictly speaking a civil action, to which there are adverse parties, does not affect the right of either the propounder or the caveator to have the jury polled, upon demand, made in apt time. It has been held by this Court that in a proceeding of this kind, both propounders and caveators are parties, for certain purposes. In reWill of Brown, ante, 583; In re Mann, 192 N.C. 248. Each is entitled as a matter of right to have the issues which are determinative of the proceeding answered by a jury, consisting of twelve jurors. The issues so answered constitute a verdict, which has been defined as the unanimous decision made by a jury and returned to the court. Sitterson v. Sitterson,191 N.C. 319. This is a substantial right, of which neither can be deprived. The right to poll the jurors is recognized, in order that it may be ascertained whether or not the verdict as tendered is the unanimous decision of the jurors. If it is found by such poll that one juror does not then assent to the verdict as tendered, such verdict cannot be accepted, for it is not as a matter of law the unanimous decision of the jury. Owensv. R. R., 123 N.C. 183.
Upon demand of either party to an action, civil or criminal, or to a proceeding in which an issue has been submitted to a jury, that the jurors be polled, it is the duty of the judge to cause the poll to be made. The poll is usually made, under the direction of the judge, and in his presence, by the clerk; when the parties have agreed that the verdict may be taken by the clerk in the absence of the judge, it cannot be held that either party by such agreement has waived any of his rights with respect to the taking of the verdict, except the right to have the judge present. We therefore hold that upon the facts found by the judge, and *Page 643 
set out upon this record, caveators had not, by their agreement that the clerk might take the verdict, in the absence of the judge, waived their right to have the jury polled, upon demand in apt time. Upon such demand, it was the duty of the clerk to poll the jury, and propounders' exception to his action in that respect is not sustained. It has been expressly held in this State that by agreement of counsel for parties to a civil action, the clerk can represent the judge, and in his absence take the verdict of the jury. Barger v. Alley, 167 N.C. 362; Ferrell v. Hales, 119 N.C. 199.
It is apparent from the facts found by the judge that the juror Cunningham did not assent to the verdict as accepted by the clerk. He qualified his answer in response to the poll by the statement to the clerk that he wished to say something, but could not do so because of the absence of the judge. He should have been instructed by the clerk that notwithstanding the absence of the judge, he could and should make any statement he desired with respect to his answer to the question addressed to him by the clerk. If he had been thus instructed, he would have said that he did not assent to the answers to the issues. Upon this statement by the juror, the clerk should not and would not have accepted the verdict then tendered by the foreman of the jury, nor would he have discharged the jury at that time, without ordering a mistrial as he had been instructed by the judge to do, upon his finding that the jurors could not agree.
The affidavit of the juror, from which the judge found what he would have said had the judge been present, when the jurors were polled, was not offered to impeach the verdict, but as explanatory of the juror's answer to the clerk's question, before the verdict was accepted by him. There is no exception in the record to this affidavit, or to any of the findings of fact, upon which the order was made.
Upon the facts found by the judge and fully set out in the record, propounders' assignment of error, based upon the exception to the order, is not sustained.
We do not consider the question suggested in the argument and discussed in the briefs, as to the validity of the agreement, pursuant to which the judge not only left the court, but also left the county, prior to the taking of the verdict. This question is not presented on the record. As pertinent thereto, however, reference may be had to the words of Clark, C.J., in Barger v. Alley, 167 N.C. 326, as follows:
"It is not unusual to agree that judgment may be entered in vacation as of the term. It is also not unusual to agree that the clerk may take the verdict in the absence of the judge. It is rather unusual to agree for the clerk to accept a verdict after the judge has left the court. It *Page 644 
is a practice not to be commended. It may lead on occasions to serious inconvenience, for strictly speaking the court ends when the judge leaves."
The question as to whether the verdict was void because it was received after the judge had left the county, and therefore after the end of the term, is not necessarily presented upon this record for decision. There is no error in the judgment upon the facts found by the judge; we do not affirm the judgment upon the ground that the agreement of counsel that the judge should leave the court before the verdict was rendered, was not sufficient to continue the term, in the absence of the judge, until the verdict was rendered or the jury discharged. We affirm the judgment upon the finding of fact that one of the jurors did not assent to the verdict tendered by the foreman at the time same was received by the clerk.
Affirmed.