LESS LIPSCOMB v. G. H. COX AND H. C. PERKINS, TRADING AS COX & PERKINS.

(Filed 25 April, 1928.)

**Trial—Polling Jury—When Poll Should be Taken—Verdict—New Trial.**

> The verdict of the jury should be free from outside influence, and when a poll of the jury is demanded, it should be made upon the return of the verdict and before debate or discussion upon the merits or upon a motion to set aside the verdict; but when the verdict is rendered under a mistake as to the effect of an answer to one of the issues, a new trial will be ordered.

LIPSCOMB v. COX.

CIVIL ACTION before *Stack, J.*, at November Term, 1927, of FORSYTH.

The plaintiff instituted an action against the defendants in the Forsyth County Court to recover damages for personal injury sustained through the negligence of the defendants. The defendants denied all the allegations of negligence made by the plaintiff and pleaded contributory negligence of the plaintiff as a bar to recovery. Issues of negligence, contributory negligence and damages were submitted to the jury. The jury answered the issues of negligence and contributory negligence in the affirmative and did not answer the issue of damages. There was judgment for the defendants upon the verdict in the county court and the plaintiff appealed to the Superior Court. The trial judge in the Superior Court sustained certain assignments of error made by the plaintiff with reference to the verdict, awarded a new trial and remanded the cause to the county court. The defendants appealed to this Court, assigning errors.

The record discloses certain findings of fact made by the trial judge of the county court. These findings are substantially as follows: The jury returned to the court room, entered the jury box, and a juror, purporting to act as foreman, handed the issues to a deputy sheriff in attendance upon the court. The deputy sheriff handed the paperwriting to the trial judge, who instructed the deputy to hand the paper to the clerk. Upon arrival of counsel for the parties the court instructed the clerk to take the verdict. The clerk arose and took the verdict in the usual manner by asking the jury if they had agreed upon a verdict; whereupon one of the jurors, purporting to act as foreman, announced that they had; that thereupon the clerk asked the jury if they answered the first issue yes, the second issue yes, and did not answer the third issue, and if that was their verdict? Whereupon, one of the jurors, purporting to act as foreman of the jury, answered yes; that there was no negative reply by any of the jurors. The court then thanked the jury for their attendance upon the court, told them that they might be discharged for the term and prove their .attendance before the clerk. Immediately, and before the jury had left the jury box, counsel for plaintiff addressed the court, stating that if the jury had gained the impression that the second issue could be answered in the affirmative and yet damages be awarded that a wrong had been done, and thereupon moved to set aside the verdict as contrary to the weight of evidence, stating to the court in the presence of the jury, "I believe if the members of the jury could now express their views, they did not mean to deprive the plaintiff of recovering all compensation for his injuries." The trial judge stated to counsel for plaintiff that he could not take official notice of the fact or find as a fact that the jury did misconstrue the issue. Counsel for plain-

tiff then stated that by reason of certain questions asked by jurors when the jury had returned for further instructions, that he thought that the jury was of the opinion that the plaintiff had been damaged through the negligence of defendants and was entitled to compensation and that they had become confused on the second issue and answered that issue "yes" as a matter of compromise. Counsel further states: "If the jury has made a mistake and rendered a verdict contrary to their own impressions, that is simply a miscarriage of justice." Whereupon, the court of its own motion directed the clerk to poll the jury. The clerk proceeded to call the name of the first juror and an argument then ensued between the juror and the court, the juror stating "there has been some argument going on since we have gotten out here," and continued to ask the judge whether or not he desired to know what the verdict of the jury was while they were in the jury room or since they had come into the court room. The juror further stated that it was his understanding if both issues were answered "yes," that the court would fix the amount of damages. After further argument between the court and the jury, the court commanded the jurors to answer the question propounded by the clerk, yes or no. Whereupon, seven jurors stated that the verdict as rendered was still their verdict and five of the jurors dissented, stating that the verdict as rendered was not their verdict. Thereupon the judge ordered the jury to retire to the jury room and give further consideration to the case. After the jury retired there was further argument between counsel for both parties and the court. After the jury had been out for about thirty minutes the trial judge sent for the jury, took the issues from them, and as it appeared the issues had not been changed in any way since the jury had retired, ordered the clerk to record the issues as the verdict of the jury, and thereupon rendered judgment in favor of defendants.

The court finds as follows: "The court is further of the opinion that any discrepancy between the verdict heretofore referred to and the poll of the jury, as set out in the proceedings had, was influenced by remarks made by counsel for the plaintiff in the presence of the jury, and from the statements of the jurors made during the poll of the jury. The court finds as a fact that any discrepancy existing between the verdict and the poll of the jury was due to remarks made by counsel heretofore referred to." The court further held as a matter of law that the verdict tendered before the poll of the jury was the unanimous verdict of the jury.

As heretofore stated, the plaintiffs appealed to the judge of the Superior Court, assigning as error the holding of the judge of the county court that a unanimous verdict had been rendered.

LIPSCOMB v. COX.

*Archie Elledge and Fred M. Parrish for plaintiff.*
*Manly, Hendren & Womble for defendants.*

BROGDEN, J. When must the poll of a jury be taken? The right of either party to poll the jury in both criminal and civil actions is firmly established by the decisions in this State. The predominant purpose of the poll is to ascertain if the verdict as tendered by the jury is the "unanimous verdict of a jury of good and lawful men in open court," as prescribed by the Constitution, Art. I, sec. 13, for criminal causes. One of the first cases dealing with the subject is *S. v. Young,* 77 N. C., 498. The Court held: "When the verdict has been received from the foreman and entered, it is the duty of the clerk to cause the jury to hearken to their verdict as the court has it recorded, and to read it to them and .say: 'So, say you all.' At this time any juror can retract on the ground of conscientious scruples, mistake, fraud, or otherwise, and his dissent would then be effectual." It is held to the same effect *In re Sugg,* 194 N. C., 638: "The right to poll the jurors is recognized, in order that it may be ascertained whether or not the verdict as tendered is the unanimous decision of the jurors. If it is found by such poll that one juror does not then assent to the verdict as tendered, such verdict cannot be accepted, for it is not as ·a matter of law the unanimous decision of the jury." In *Trantham v. Furniture Co.,* 194 N. C., 615, the Court said: "The verdict of a jury is sacred. It should represent the concurring judgment, reason and intelligence of the entire jury, free from outside influence from any source whatever." The decisions of this State establish the principle that the verdict of a jury, to .be effectual, must be free from outside influence of whatsoever kind or nature. *Wright v. Hemphill,* 81 N. C., 33; *Petty v. Rousseau,* 94 N. C., 362; *Mitchell v. Mitchell,* 122 N. C., 332; *Lumber Co. v. Lumber Co.,* 187 N. C., 417; *Alston v. Alston,* 189 N. C., 299.

The trial judge found "that any discrepancy existing between the verdict and the poll of jury was due to remarks made by counsel heretofore referred to." The jurors were not asked as to whether the verdict tendered was their verdict before the discussion took place in open court between counsel and the judge. If it had appeared that the verdict as tendered was the verdict of the jury upon its return to the court room and that five members of the jury had changed their minds since the discussion, then certainly the verdict tendered as a matter of law should be upheld. But this essential fact does not appear. Indeed the colloquy between one of the jurors and the trial judge would indicate that the issue as to contributory negligence was answered by some members of the jury under a mistake of fact, to wit, that if the second issue was answered "yes," the court. would fix the compensation to be awarded the

plaintiff. Verdicts, in order to inspire confidence in the integrity of the courts, must at all times be above suspicion, and in this uncertain state of the record we are constrained to hold that a new trial should be awarded.

However, it should be clearly understood that the right to poll a jury can be waived, *S. v. Toole,* 106 N. C., 736, and that the poll of the jury must be had immediately upon the return of the verdict in open court and before debate or discussion thereof, or debate or discussion of the merits of the case upon motion to set aside the verdict or otherwise. Unless this procedure is strictly observed by trial judges, it is quite evident that a poll of a jury, after spirited discussion of the verdict, or of the merits of the case, in the presence of a jury, would result in confusion and uncertainty, and thus retard and impair the due administration of the law.

Affirmed.