STATE v. JAKE BOGER.

(Filed 11 May, 1932.)

**Criminal Law I k—Upon defendant's motion for poll of jury each juror should be questioned separately, and court's refusal to do so is error.**

The proper method of polling the jury is to ask each juror, individually, whether he assented to the verdict and still assents thereto, and only the judge or the clerk under his supervision may poll the jury, and where the defendant in a criminal action makes a motion in apt time to have the jury polled, and the court addresses the body of the jury and directs those who returned a verdict of guilty to stand up, but refuses to poll the jury individually, a new trial will be awarded on the defendant's exception under his constitutional right to be convicted only upon the unanimous verdict of a jury in open court. Art. I, sec. 13.

APPEAL by defendant from *Schenck, J.,* at November Term, 1931, of MECKLENBURG. New trial.

STATE *v.* BOGER.

The defendant in this action was tried on an indictment for murder. He entered a plea of "not guilty," and at the trial relied upon his contention that he killed the deceased in self-defense.

When the jurors came into court, after the evidence had been submitted to them, under the charge of the judge, and announced that they were ready to return their verdict, the judge addressed them as follows: "Gentlemen of the jury, have you agreed upon your verdict?" One of the jurors replied: "We have." The judge then said: "What is your verdict?" The juror replied: "Guilty of manslaughter." The judge then addressed the jurors as follows: "Guilty of manslaughter, and so say you all, gentlemen?" The jurors thereupon nodded their heads, indicating an affirmative answer to the judge's inquiry. Counsel for the defendant then, before the verdict was entered in the records of the court, and before the jurors had retired from the jury box, requested the judge to poll the jurors. In response to this request, the judge addressed the jurors, who were then seated in the jury box, as follows: "All of you gentlemen of the jury who return a verdict of guilty of manslaughter, stand up." All of the jurors then and there stood up. Counsel for defendant again requested the judge to poll the jurors, man for man. The judge refused this request, and the defendant excepted to such refusal. The verdict of "guilty of manslaughter" was then accepted by the judge, and duly recorded as the verdict in this action.

From judgment that the defendant be confined in the State's prison for a term of not less than five or more than three years, the defendant appealed to the Supreme Court.

*Attorney-General Brummitt, Assistant Attorney-General Seawell and Gertrude M. Upchurch for the State.*

*T. L. Kirkpatrick and J. M. Scarborough for the defendant.*

CONNOR, J. The right of a defendant in a criminal action tried in a court of this State, to have the jurors polled by the judge or under his direction, when a request for such poll is made in apt time, after an adverse verdict has been returned by the jurors, was recognized by this Court in *S. v. Young,* 77 N. C., 498. In that case it was said: "We think a defendant on trial in a criminal case (and of course the solicitor for the State) has the right to have the jury polled, whether it be an oral or a sealed verdict. He has no right to say in what manner it shall be done, nor to propound any question, but simply to know that the verdict given by the foreman is the verdict of each juror, and we think it error in the court to deny it when demanded." The right is founded

on the constitutional guarantee that "no person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court."

In *Lipscomb v. Cox,* 195 N. C., 502, 142 S. E., 779, it is said: "The predominant purpose of the poll is to ascertain if the verdict as tendered by the jury is the 'unanimous verdict of a jury of good and lawful men in open court,' as prescribed by the Constitution, Art. I, sec. 13, for criminal cause." In the opinion in that case, *S. v. Young, supra,* is cited with approval by *Brogden, J.*

In the instant case, the defendant was denied his right to have the jurors polled by the judge or under his direction. The request of the judge that all the jurors who returned a verdict of guilty of manslaughter in this case, stand up, was not a compliance with the demand of the defendant, made in apt time, that the jurors be polled, man for man. The defendant was entitled as a matter of right to know whether each juror assented to the verdict announced by the juror who undertook to answer for the jury, and to that end he had the right to insist that a specific question be addressed to and answered by each juror in open court, as to whether he assented to said verdict. To poll the jury means to ascertain by questions addressed to the jurors, individually, whether each juror assented and still assents to the verdict tendered to the court. 16 C. J., p. 1098, sec. 2576. In this jurisdiction each party to an action, civil or criminal, has the right to have the jury polled, and a denial of this right, when demanded in apt time, is error. *Lipscomb v. Cox,* 195 N. C., 502, 142 S. E., 779, *In re Sugg's Will,* 194 N. C., 638, 140 S. E., 604. For error in denial of this right in the instant case, the defendant is entitled to a

New trial.