COLUMBUS OIL COMPANY v. W. M. MOORE AND JOHN W. MOORE, TRADING AS MOORE'S SERVICE STATION.

(Filed 11 May, 1932.)

**Trial G d—It is error for the court to allow council to poll jury and to ask questions other than those relating to their assent to verdict.**

It is the duty of the trial judge to receive the verdict of the jury duly returned into court and to grant a motion aptly made to poll the jury, but the jury must be polled by the judge himself or the clerk under his supervision, and the only questions that may be asked are whether each juror assented to the verdict and still assented thereto, and where an attorney has been allowed to poll the jury and to ask questions beyond the proper scope of such inquiry a motion for judgment according to the verdict which had been duly returned into court as a unanimous verdict should be allowed.

APPEAL by plaintiff from *Finley, J.,* at February Term, 1932, of MECKLENBURG. Reversed and remanded.

This is an action to recover the sum of $7,866.49, with interest from 11 March, 1929, due for gasoline, oil and merchandise sold and delivered by plaintiff to Moore's Service Station.

It is alleged in the complaint that at the dates of the sale and delivery of the gasoline, oil and merchandise by the plaintiff to Moore's Service Station, the defendants, W. M. Moore and John W. Moore were partners trading under the name of Moore's Service Station, and that under said partnership name they were operating a filling station in the city of Charlotte, N. C. This allegation is denied in the answer filed by the defendant, W. M. Moore. No answer was filed by the defendant, John W. Moore. Judgment by default final was rendered against the defendant, John W. Moore, for the sum of $7,866.49, with interest and costs. There was no exception to or appeal from this judgment.

At the trial, issues were submitted to the jury as follows:

"1. Was the defendant, W. M. Moore, a partner in the business operated as Moore's Service Station, as alleged in the complaint? Answer: ............

2. In what amount, if any, is the defendant, W. M. Moore, indebted to the plaintiff on the cause of action alleged in the complaint? Answer: ................."

The plaintiff introduced evidence at the trial tending to sustain the allegations in its complaint with respect to the partnership, and also with respect to the amount due by Moore's Service Station to the plaintiff. The defendant, W. M. Moore, introduced evidence tending to contradict the evidence introduced by the plaintiff with respect to the partnership, but introduced no evidence with respect to the amount due the plaintiff by Moore's Service Station. The evidence introduced by both plaintiff and defendant was submitted to the jury.

After the jurors had retired to the jury room and after they had deliberated for some time as to their verdict, they returned into court, and announced that they had agreed upon their verdict. They had answered the first issue "Yes," and the second issue, "$3,933.40." The foreman of the jury, in the presence of the other jurors, said to the court: "This is our verdict, your Honor. We intended to answer it for half of what the plaintiff sued for." In apt time, counsel for defendant moved that he be permitted to poll the jurors, under the supervision of the court, as to their verdict. The plaintiff objected, its objection was overruled and plaintiff excepted.

Counsel for defendant thereupon proceeded, subject to the exception of the plaintiff, to examine the jurors, individually, with respect to their answers to the issues. By this examination, counsel for defendant sought to show, and did show that certain of the jurors had agreed to answer the first issue, "Yes," upon the agreement of other jurors, that the second issue should be answered, "$3,933.40," or one-half of the amount sued for by the plaintiff. All of the jurors stated, in response to questions addressed to them by counsel for defendant, that they had assented in the jury room to the verdict tendered to the court by their foreman. One of the jurors stated that notwithstanding he had assented to the verdict, as tendered, he was of opinion that there was no partnership between the defendant, W. M. Moore, and John W. Moore, as alleged in the complaint, but had agreed that the first issue should be answered "Yes," upon the agreement of the other jurors that the second issue should be answered "$3,933.40." This juror said: "We all decided that if the verdict as we return it, was not permissible, if we could not answer the second issue '$3,933.40,' we would all vote to answer the issue the full amount sued for by the plaintiff. I agreed to the verdict because the others agreed to it, and not because I thought there was a partnership. I do not now think there was a partnership."

At the conclusion of the examination of the jurors by counsel for defendant, and before the jurors were discharged, defendant moved that the verdict be set aside, because it appeared from the poll of the jurors, that the verdict was not unanimous, and also because it appeared from its face that the verdict was a compromise verdict. This motion was allowed and plaintiff excepted.

From judgment setting aside the verdict returned into court by the jury, and ordering a new trial, the plaintiff appealed to the Supreme Court.

*H. L. Taylor and T. L. Kirkpatrick for plaintiff.*
*Cansler & Cansler, H. C. Jones and M. C. Moysey for defendant.*

CONNOR, J. In *Lipscomb v. Cox,* 195 N. C., 502, 142 S. E., 779, it is said: "The right of either party to poll the jury in both criminal and civil actions is firmly established by the decisions in this State. The predominant purpose of the poll is to ascertain if the verdict as tendered by the jury is the 'unanimous verdict of a jury of good and lawful men in open court' as prescribed by the Constitution, Art. I, sec. 13, for criminal causes. One of the first cases dealing with the subject is *S. v. Young,* 77 N. C., 498. The Court held: 'When the verdict has been received from the foreman and entered, it is the duty of the clerk to cause the jury to hearken to their verdict as the court has it recorded, and to read it to them, and say: "So, say you all." At this time any juror can retract on the ground of conscientious scruples, mistake, fraud or otherwise, and his dissent would then be effectual.' It is held to the same effect in *In re Sugg's Will,* 194 N. C., 638, 140 S. E., 604: 'The right to poll the jury is recognized in order that it may be ascertained whether or not the verdict as tendered is the unanimous decision of the jurors. If it is found by such poll that one juror does not then assent to the verdict as tendered, such verdict cannot be accepted, for it is not as a matter of law the unanimous decision of the jury.' In *Trantham v. Furniture Co.,* 194 N. C., 615, 140 S. E., 300, the Court said: 'The verdict of a jury is sacred. It should represent the concurring judgment, reason and intelligence of the entire jury, free from outside influence from any source whatever.' The decisions of this State establish the principle that the verdict of a jury, to be effectual, must be free from outside influence of whatsoever kind or nature. *Wright v. Hemphill,* 81 N. C., 33, *Petty v. Rousseau,* 94 N. C., 362, *Mitchell v. Mitchell,* 122 N. C., 332, *Lumber Co. v. Lumber Co.,* 187 N. C., 417, *Alston v. Alston,* 189 N. C., 299."

In the instant case, the defendant had the right to have the jurors polled, for the purpose of ascertaining before the verdict tendered by them was accepted by the court and recorded, whether or not each juror assented thereto. The request for the poll was made in apt time. It was error, however, for the court to allow the motion of counsel for defendant that he be permitted to poll the jurors, under the supervision of the court. It has been the uniform practice in this State for the poll to be made by the judge or by the clerk, under the direction of the judge. This practice is in accord with the principle upon which the poll of the jurors is allowed. To permit counsel for either party to conduct the poll would violate the principle that no outside influence should be exerted upon jurors with respect to their verdict.

After the issue or issues in an action, civil or criminal, have been submitted to the jurors, and they have come into open court, and announced that they have agreed upon their verdict, either party to the action may request the judge to poll the jurors, or to have them polled by the clerk, with respect to the verdict tendered by them. When the request is made in apt time, it is the duty of the judge to comply therewith. The poll, however, must be conducted by the judge, or by the clerk, under his direction. It is error for the judge to permit counsel for either party to examine the jurors, collectively or individually, for the purpose of impeaching them or their verdict. Even when the judge or the clerk under his direction, conducts the poll, the only question addressed to the jurors should be substantially as follows: "Is this your verdict, and do you now assent thereto?" It would manifestly be improper for the judge or the clerk to attempt to impeach the jurors or their verdict by seeking to ascertain by an examination of each of the jurors the grounds upon which the jurors had agreed upon their verdict. Counsel for a party to the action cannot be permitted to do what neither the judge nor the clerk would be permitted to do.

It was error in the instant case for the judge to permit counsel for defendant to examine the jurors for the purpose of showing that their verdict was not unanimous, or that the verdict tendered by them was a compromise verdict. It was likewise error for the judge to decline as a matter of law to receive the verdict, upon facts found by him, from evidence elicited by such examination. For this error the judgment in this action is reversed, and the action is remanded that judgment may be entered on the verdict, in accordance with the motion of the plaintiff.

Reversed and remanded.