THE BROADWAY BANK OF KANSAS CITY v. REX C. NOBLE.

(Filed 12 October, 1932.)

**Trial D b—Where evidence is not conflicting and is unimpeached a
directed verdict is not error.**

Where the evidence upon the trial of an action is uncontradicted and
is not conflicting, and there is no evidence by either party tending to
impeach the witnesses, and but one reasonable inference can be drawn
from the evidence, an instruction that if the jury believed the evidence
to answer the issues as directed is not error, but where the judge writes
the answers to the issues with the acquiescence of the jury either party
may request that the jury be polled, there being no exception to the action
of the court.

APPEAL by defendant from *Sinclair, J.,* at February Term, 1932, of
LENOIR. No error.

This is an action to recover on two notes, both dated 17 November,
1928, each for the sum of one hundred and fifty dollars, and due sixty
and ninety days after date, respectively. Both notes were signed by the
defendant, Rex C. Noble; they were payable to the order of W. M.
Lowthrop, and were delivered to him by the defendant. They were
endorsed in blank by the payee, and were negotiated, prior to maturity,
to C. W. Ament, a resident of Kansas City, Missouri, and a regular
customer of the plaintiff. They were delivered by C. W. Ament to the
plaintiff on 7 December, 1929, as collateral security for a loan, evidenced
by a note, made by the plaintiff to the said C. W. Ament. The note of
C. W. Ament to the plaintiff has not been paid, and the plaintiff is now
the holder of both said notes.

The defendant has refused to pay said notes for the reason that the
execution of both said notes was procured by the fraud of the payee as
alleged in the answer.

The action was tried upon the issues raised by the pleadings, which
are as follows:

"1. Were the notes sued on in this action, and the signatures thereon,
procured by fraud as alleged in the answer?"

With respect to this issue, the court instructed the jury as follows:

"If you find the facts to be as testified to, I direct you to answer
this issue, 'Yes,' and with your permission, I will write that answer
for you."

"2. Is the plaintiff the holder of said notes in due course, taking them
in good faith, before maturity and for value, without notice of any
defect or infirmity?"

With respect to this issue, the court instructed the jury as follows:

"If you find the facts to be as testified and as shown by the record evidence, I direct you to answer this issue 'Yes,' and with your permission I will write that answer for you." The defendant excepted to this instruction.

"3. Is the defendant indebted to the plaintiff, and if so, in what amount?"

With respect to this issue, the court instructed the jury as follows:

"If you find the facts to be as testified and as shown by the written evidence, I direct you to answer this issue, '$300.00, with interest,' and with your permission I will write that answer for you." The defendant excepted to this instruction.

The court thereupon, in the presence of the jurors, wrote the answers to the issues as appears in the record, and handed same to the clerk of the court. After the charge of the court, the jurors remained silent for some time, whereupon they were asked by the clerk, in the presence of the judge, "Is this your verdict?" The jurors did not respond to the inquiry of the clerk, and the court again instructed the jury as follows:

"Gentlemen of the jury, I directed you how to answer these issues. Do you answer that way or not? The plaintiff is not the party, gentlemen, who took the notes. The plaintiff is the bank in Missouri." The defendant excepted to this instruction.

The answers to the issues as written by the judge, in the presence of the jurors, were entered as the verdict in this action.

From judgment that plaintiff recover of the defendant the sum of $300, with interest and costs, the defendant appealed to the Supreme Court.

*Wallace & White for plaintiff.*
*Sutton & Greene for defendant.*

CONNOR, J. All the evidence introduced at the trial of this action, if believed by the jury, tended to show (1) that the execution of the two notes sued on by the plaintiff was procured by the fraud of the payee, as alleged by the defendant in his answer; (2) that the plaintiff is the holder of said notes, which are in form negotiable instruments, in due course, having taken them from a prior holder in good faith, before maturity and for value, without notice of any defect or infirmity; and (3) that the defendant, as maker of the notes, is now indebted to the plaintiff in the sum of $300.00, with interest on each note from the date of its maturity.

There was no evidence on behalf of the plaintiff tending to contradict the evidence introduced by the defendant to sustain his contention that

the first issue should be answered in the affirmative; nor was there evidence on behalf of the defendant tending to contradict the evidence introduced by the plaintiff tending to sustain its contentions that the second issue should be answered in the affirmative, and the third issue, "$300.00, and interest."

There was no evidence, by cross-examination or otherwise, tending to impeach the witnesses for the defendant or the witnesses for the plaintiff.

There was, therefore, no error in the instructions of the court to the jury, which are assigned as error in this appeal. The instructions are in accord with the rule stated in *Reinhardt v. Insurance Co.,* 201 N. C., 785, 161 S. E., 528, and approved in *Somersette v. Stanaland,* 202 N. C., 685, 163 S. E., 804. This rule is stated by Prof. McIntosh, in N. C. Practice and Procedure, on page 632, as follows:

"If the evidence is all one way, and there is no conflict, the judge may say to the jury that, if they believe the evidence, they may find a certain verdict, but he cannot direct them that they must so find from the evidence. If the facts are admitted or established, and only one inference can be drawn from them, the judge may draw the inference and so direct the jury."

The defendant in the instant case did not except to the action of the judge in writing the answers to the issues, with the permission of the jury, as shown by their acquiescence, nor does the defendant on his appeal to this Court assign such action as error. The defendant did not request the court to poll the jury, as he had the right to do. *Lipscomb v. Cox,* 195 N. C., 502, 142 S. E., 779; *In re Will of Sugg,* 194 N. C., 638, 140 S. E., 604. The record shows that the verdict was rendered by the jury in accordance with the instructions of the court. In view of the uncontradicted evidence, no other verdict could have been rendered. The judgment is affirmed. There is

No error.