### STATE v. SAM E. DOW.

(Filed 25 September, 1957.)

**Criminal Law § 120—**

> Where the record does not affirmatively establish that each juror assented to the verdict entered upon the poll of the jury upon motion of defendant, a new trial must be awarded.

APPEAL by defendant from *Rudisill, J.,* April 1957 Term of GASTON.

Defendant was tried on bill charging an assault with a deadly weapon with intent to kill inflicting a serious injury. The jury returned a verdict of guilty of an assault with a deadly weapon inflicting serious injury. The record shows:

"Mr. Dolley: Your Honor, I would like to move to have the jury polled, please.

"Judge: All right. Stand up. Call the roll of the jurors, Mr. Clerk.

"Clerk: Garland W. Stroup.

"Judge: Stand up, Mr. Stroup. Have you agreed on your verdict in this case, Mr. Juror?

"Mr. Stroup: (Indicated in the affirmative.)

"Judge: What is your verdict as to the defendant, Sam E. Dow?

"Mr. Stroup: Same as stated.

"Judge: Guilty of assault with a deadly weapon inflicting serious injury?

"Mr. Stroup: Yes, sir.

"Judge: That your verdict?

"Mr. Stroup: Yes, sir.

"Judge: All right, sir.

"Clerk: R. W. Ervin.

"Judge: Mr. Ervin, what is your verdict in the Sam E. Dow case?

"Mr. Ervin: Guilty of assault inflicting serious injury.

"Judge: Assault with a deadly weapon inflicting serious injury. Is that your verdict then, Mr. Juror?

"Mr. Ervin: Yes, sir.

"Clerk: John Helms.

"Judge: Mr. Helms, what is your verdict in the Sam E. Dow case?

"Mr. Helms:

"Judge: That is your verdict? All right, sir.

"Clerk: C. J. Costner, Jr.

"Judge: What is your verdict?

"Mr. Costner:

"Judge: That is your verdict?

"Clerk: Russell Costner.

"Judge:

"Mr. Costner:

"Judge: . . . inflicting serious injury?

"Clerk: William L. Baker.

"Judge: And your verdict:

"Mr. Baker:

"Clerk: Carl M. Carpenter.

"Mr. Carpenter:

"Judge: Assault with a deadly weapon inflicting serious injury. Is that your verdict against Sam E. Dow?

"Mr. Carpenter: (Indicated in the affirmative.)

"Clerk: Clarence Bumgardner.

"Mr. Bumgardner:

"Judge: That is your verdict?

"Clerk: James A. Bridges.

"Mr. Bridges:·

"Judge: . . . inflicting serious injury. Is that your verdict?

"Mr. Bridges: (Indicated in the affirmative.)

"Judge: All right.

"Clerk: Lee Roy Toomey.

"Mr. Toomey:

"Judge: That is your verdict?

"Clerk: N. C. Hammack.

"Judge: That is your verdict?

"Clerk: John D. Rhyne.

"Mr. Rhyne: Assault with a deadly weapon inflicting serious injury."

Thereupon the jury was discharged and thereafter sentence was imposed and defendant appealed.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*

*Steve Dolley, Jr., and Ernest R. Warren for defendant appellant.*

PER CURIAM. Our Constitution provides: "No person shall be convicted of any crime but by the unanimous verdict of good and lawful persons in open court." Art. I, sec. 13.

When requested in apt time, a party is entitled to have the jury polled; that is, an inquiry directed to each juror in order to ascertain his assent to the announced verdict. When so polled and the verdict is challenged, the record must affirmatively establish that each juror assented to the verdict entered. *S. v. Cephus,* 241 N.C. 562, 86 S.E. 2d 70; *S. v. Boger,* 202 N.C. 702, 163 S.E. 877; *Oil Co. v. Moore,* 202 N.C. 708, 163 S.E. 879; *Lipscomb v. Cox,* 195 N.C. 502, 142 S.E. 779. The verdict now challenged does not, on the record, meet the test.

New trial.