SANDRA HOLSTEIN, BY HER NEXT FRIEND, PAUL G. MALLONEE v. ETNA OIL COMPANY

No. 7712DC427

(Filed 2 May 1978)

Trial § 44— polling of jury—failure to show assent by one juror

 The polling of the jury in a personal injury case did not establish that one juror unqualifiedly assented to a verdict in favor of defendant where the juror, when asked if her answer to the first issue was "no" and whether she still assented thereto, stated, "Well, it was not proven beyond a reasonable doubt. If you're saying that, then I would have to say no --," and when asked the same question again, the juror stated, "I would still say no."

APPEAL by plaintiff from *Brewer, Judge.* Judgment entered 16 May 1977 in District Court, CUMBERLAND County. Heard in the Court of Appeals 2 March 1978.

This action was instituted to recover damages for personal injury suffered by the minor plaintiff when she fell on defendant's premises and cut her right hand and wrist on a broken bottle. No issue arises as to the evidence or the charge of the court. The only question presented is whether plaintiff is entitled to a new trial by reason of the answers of one of the jurors given during the polling of the jury after a verdict in favor of defendant had been returned.

*A. Maxwell Ruppe for plaintiff appellant.*

*Anderson, Broadfoot and Anderson, by Hal W. Broadfoot, for defendant appellee.*

MORRIS, Judge.

After the verdict of the jury, plaintiff, in apt time, requested that the jury be polled. During the polling of the jury, the following occurred, with respect to Juror No. 2:

> "CLERK: . . . you have answered the first issue no. Is this your answer and do you still assent thereto?
>
> JUROR NO. 2: Well, it was not proven beyond a reasonable doubt. If you're saying that, then I would have to say no —
>
> COURT: Ma'am simply answer the question as it's asked of you.
>
>        .   .   .
>
> COURT (after conference with attorneys at the bench): Madam Clerk, would you read the question, again?
>
> Now Ma'am, if you would, please listen carefully to the question as it is read to you and answer it.
>
> CLERK: . . . you have answered the first issue 'No'. Is this your answer and do you still assent thereto?
>
> JUROR NO. 2: I would still say no."

Plaintiff urges that it cannot be said that the polling of the jury in this case establishes that Juror No. 2 unqualifiedly assented to the verdict entered. We are constrained to agree.

The reason for polling the jury is discussed at length in *Lipscomb v. Cox*, 195 N.C. 502, 142 S.E. 779 (1928). There the Court said:

> "The predominant purpose of the poll is to ascertain if the verdict as tendered by the jury is the 'unanimous verdict of a jury of good and lawful men in open court,' . . . . 'If it is found by such poll that one juror does not assent to the verdict as tendered, such verdict cannot be accepted, for it is not as a matter of law the unanimous decision of the jury.' " *Id.* at 505.

The answers of Juror No. 2 are filled with ambiguity and susceptible of various interpretations. Is she saying that if the court's question is whether it was proved beyond a reasonable doubt she would answer "no", or that if it had to be proved beyond a reasonable doubt she would have to answer the first issue "no"? If this be what she meant, we have nothing to indicate what her answer would be if she understood the standard to be the greater weight of the evidence. Did she say "no" meaning the verdict was not her verdict and reiterate it in her second answer? We see no clarification whatever in the second answer. She still says "no", but "no" to what? This juror's assent—if, indeed, it be an assent—is certainly far from clear and unequivocal. Perhaps she would have clarified her first answer had she been allowed to continue without interruption from the court. However, upon the present state of the record, we cannot discern what she intended.

A verdict is a unanimous decision of the jury returned to the court and is a substantial right of which neither party can be deprived. *In re Sugg*, 194 N.C. 638, 140 S.E. 604 (1927). On the record before us, we cannot say that plaintiff has not been deprived of this substantial right. For that reason, she is entitled to a

New trial.

Judges CLARK and MITCHELL concur.