STATE OF NORTH CAROLINA
v.
DENNIS CLAYTON HAGEN, JR.
No. COA07-433
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Elizabeth L. Oxley, for the State.
Brian Michael Aus for defendant-appellant.
HUNTER, Judge.
Dennis Clayton Hagen, Jr. ("defendant") appeals from a judgment entered on 28 September 2006 pursuant to a jury verdict finding him guilty of two counts of first degree sexual offense in violation of N.C. Gen. Stat. § 14-27.4(a)(1) (2005). Defendant was sentenced to a minimum term of 216 months' and a maximum term of 269 months' imprisonment. After careful consideration, we find no error in defendant's trial but remand with instructions to correct a clerical error.
The State presented evidence tending to show that defendant repeatedly so domized J.W. (or "the victim") while defendant was baby sitting J.W. in defendant's home. The alleged abuse occurred while J.W. was between six and seven years old. J.W. testified that he did not report the abuse immediately because defendant had threatened to kill his parents if he were to do so. J.W. told his mother about the abuse two years after he and his brother stopped being baby sat by defendant. At trial, J.W. explained that he finally told his mother about the incidents because he had not seen defendant in a long time and therefore felt safe. J.W.'s descriptions of the abuse were consistent with his statements to the police and a clinical social worker after the incident was reported.
J.W.'s older brother testified at trial that defendant would send him out in the yard three or four times a week for "[m]ay be two hours" and that during that time period defendant was alone with J.W. J.W.'s brother also stated that on a night in which he and J.W. spent the night with defendant, he awoke in the middle of night and discovered that J.W. was no longer sleeping on the couch.
The mother of J.W., W.W., testified that during the time defendant was baby sitting J.W., J.W. complained of constipation and having blood in his stool. After defendant baby sat J.W., she noticed that he did not want to stay with any of his uncles or stay with men generally. W.W. also testified that she "believe[s] my son tells me the truth" and that J.W. told the "absolute truth" about the alleged molestation.
Dr. Marie Hagle testified that she is a pediatrician who specializes in child maltreatment. Dr. Hagle found J.W.'s anal and genital exam to be "completely unremarkable," but stated that she would not expect to find any physical injuries this long after the alleged abuse.
Defendant testified on his own behalf and denied ever sexually assaulting J.W. or that the children ever stayed at his home after 7:00 p.m. Defendant also testified that, in 1994, he was diagnosed with the AIDS virus. Defendant believed that he acquired the disease in 1985 after a sexual encounter with a man. Defendant stated that since 1985, he has been unable to get an erection; has not been sexually aroused by men, women, or small children; and has not had sex.
Defendant presents the following issues for this Court's review: (1) whether the trial court committed plain error by allowing W.W. to testify that she believed J.W. and that he told the absolute truth; (2) whether the trial court erred in polling the jurors as to whether they assented to the guilty verdicts; and (3) whether the trial court committed a clerical error as the judgment and commitment sheet indicates the prison term was imposed pursuant to a plea arrangement.

I.
Defendant first argues the trial court committed error by allowing W.W. to testify about the truthfulness of the victim's statements to her regarding the alleged sexual abuse committed by defendant. We disagree.
Because defendant failed to object to this testimony at trial, we review for plain error. State v. Jones, 358 N.C. 330, 346, 595 S.E.2d 124, 135 (2004). "Under the plain error standard of review, defendant has the burden of showing: '(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial.'" Id. (quoting State v. Bishop, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997)).
Under N.C. Gen. Stat. § 8C-1, Rule 608(a) (2005), "[t]he credibility of a witness may be . . . supported by evidence in the form of reputation or opinion as provided in Rule 405(a)[.]"[1] The only limitations on this rule are that: "(1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Id. (emphasis added). In the instant case, there is no dispute that the first limitation under Rule 608(a) has been satisfied since W.W. testified as to J.W.'s honesty. Accordingly, the admission of W.W.'s testimony will not be error, much less plain error, if the second prong of Rule 608(a) is met. Thus, the issue before this Court is whether J.W.'s character for truthfulness had been attacked.
In the instant case, there was no opinion or reputation evidence presented as to J.W.'s lack of truthfulness. Cross-examination, however, can in certain circumstances constitute an attack on a witness's character for truthfulness. State v. Hall, 98 N.C. App. 1, 10, 390 S.E.2d 169, 174 (1990), reversed on other grounds, 330 N.C. 808, 412 S.E.2d 883 (1992). In Hall, this Court held that where "the defendant's attorney repeatedly attempted to impeach [the victim] . . . that the State could then present reputation or opinion evidence as to the victim's reputation for truthfulness." Id.
In the instant case, defendant's trial counsel during cross-examination of J.W. attempted to impeach J.W.'s testimony that: He had spent many nights in defendant's home; during the abuse, J.W.'s brother was either outdoors or asleep; he had blood in his stool as a result of the abuse; he had not told his older brother about the alleged incidents; defendant had so domized him on several occasions; and he did not hug defendant after the period of baby sitting ended. Under these facts, we hold that defendant's trial counsel's attempts to impeach J.W.'s credibility through cross-examination were sufficient to constitute an attack on J.W.'s credibility such that the State was permitted to present evidence as to his truthfulness. Accordingly, the trial court did not err, much less commit plain error, under Rule 608(a). Defendant's assignments of error as to this issue are therefore rejected.

II.
Defendant next argues that the trial court erred when it polled the jurors as to whether they assented to the guilty verdicts. We disagree.
"No person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, § 24. Under section 15A-1238, "[u]pon the motion of any party made after a verdict has been returned and before the jury has dispersed, the jury must be polled." N.C. Gen. Stat. § 15A-1238 (2005) (emphasis added). "The poll may be conducted by the judge or by the clerk by asking each juror individually whether the verdict announced is his [or her] verdict." Id. If, after the polling, there is not a unanimous concurrence, then the jury must be directed for further deliberations. Id.
In the instant case, the trial court polled the jurors after defendant moved the court to do so. The original record on appeal reflects that only eleven of the twelve jurors were individually polled. Where the record does not "affirmatively establish that each juror assented to the verdict entered[,]" the defendant is entitled to a new trial. State v. Dow, 246 N.C. 644, 646, 99 S.E.2d 860, 862 (1957). The State, however, filed a motion with this Court to amend the transcript and the record on appeal. That motion was allowed in part, allowing two transcript pages and the errata sheet to be exhibits to the record. The errata sheet reflects that the final juror was also polled and concurred with the other eleven. Accordingly, defendant's assignment of error as to this issue is rejected.

III.
Finally, defendant asks this Court to remand to the trial court in order to correct a clerical error on defendant's judgment and commitment sheet, which indicate the prison term was imposed pursuant to a plea arrangement. Because defendant did not plead guilty to the charges brought by the State, we agree and remand to the trial court with instructions to correct this clerical error.

IV.
In summary, we find no error in the admission of W.W.'s testimony as to J.W.'s truthfulness. We also find no error in the polling of the jury. We remand only to correct a clerical error in defendant's judgment and commitment sheet.
No error; remanded to correct clerical error.
Judges McGEE and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] Rule 405(a) provides:

(a) Reputation or opinion.  In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct. Expert testimony on character or a trait of character is not admissible as circumstantial evidence of behavior.
N.C. Gen. Stat. § 8C-1, Rule 405(a) (2005).